1

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)

2
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)

3
2255 Calle Clara
La Jolla, CA 92037

4
Telephone: (858)551-1223
Facsimile: (858) 551-1232

5
Website: www.bamlawca.com

6
Attorneys for Plaintiff

7

8
## UNITED STATES DISTRICT COURT

9
## NORTHERN DISTRICT OF CALIFORNIA

10

11

12
JACQUELINE CAVALIER NELSON,
an individual, on behalf of herself, and
on behalf of all persons similarly
situated,

13

Case No. **CV13-02276 EJD**

**FIRST AMENDED CLASS ACTION
COMPLAINT FOR:**

14

15
                    Plaintiff,

1. UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE §§ 17200, *et seq*.;

16
vs.

17
AVON PRODUCTS, INC., a New York
Corporation; and DOES 1 through 50
inclusive,

2. FAILURE TO PAY OVERTIME
COMPENSATION IN VIOLATION OF
CAL. LAB. CODE §§ 510, 1194 AND
1198, *et seq*.;

18

19
                    Defendants.

3. FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN
VIOLATION OF CAL. LAB. CODE §
226; and,

20

21

22
4.  LABOR CODE PRIVATE ATTORNEY
GENERAL ACT [LABOR CODE § 2698
*et seq*.].

23

24
**DEMAND FOR A JURY TRIAL**

25

26

27

28

Plaintiff Jacqueline Cavalier Nelson ("PLAINTIFF"), on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge, the following:

## THE PARTIES

1.      Defendant Avon Products, Inc. ("AVON" or "DEFENDANT") at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2.      AVON was founded in 1886 and has grown to become the world's largest direct seller of beauty and beauty-related products, with more than $11 billion in annual revenue in 2011.  AVON markets its products to women in more than 100 countries through more than 6 million active independent Sales Representative in regions around the world.  The company's lineup includes cosmetics, fragrances, toiletries, jewelry, apparel, home furnishings, and more.

3.      Plaintiff Jacqueline Cavalier Nelson has been employed by AVON as a District Sales Manager in California and classified as a salaried employee exempt from receiving overtime wages since April of 2008 and continues to be employed in this position as of the filing of this Complaint.

4.      To successfully compete against the other beauty product providers, AVON substantially reduces labor costs by placing the burden of work on a smaller number of employees that were classified by AVON as exempt from overtime wages.  The goal of overtime laws includes expanding employment throughout the workforce by putting financial pressure on the employer and nurturing a stout job market, as well as the important public policy goal of protecting employees in a relatively weak bargaining position against the unfair scheme of uncompensated overtime work.  An employer's obligation to pay its employees wages is more than a matter of private concern between the parties.  That obligation is founded on a compelling public policy judgment that employees are entitled to work a livable number of hours at a livable wage.  In addition, statutes and regulations that compel employers to pay overtime relate to fundamental issues of social welfare worthy of protection.  The requirement to pay overtime wages extends beyond the benefits individual workers receive because overtime wages

1  discourage employers from concentrating work in a few overburdened hands and encourage

2  employers to instead hire additional employees. Especially in today's economic climate, the

3  importance of spreading available work to reduce unemployment cannot be overestimated.

4      5.      As part of their business, AVON employs a fleet of "District Sales Managers." The

5  finite set of tasks required to be performed by the District Sales Managers are to spend the vast

6  majority of their time in the field training AVON's independent contractors and recruiting

7  potential new hires to become independent contractors and sell AVON's beauty products, filling

8  out pre-formatted forms and processing the new sales representatives, attending weekly webinars

9  and teleconferences regarding AVON's sales goals, and reading material provided by AVON in

10  order to learn about new beauty products all in accordance with AVON's established specific

11  procedures and protocols which govern and control every aspect of the work performed by the

12  PLAINTIFF and other District Sales Managers.

13      6.      The position of District Sales Manager was represented by AVON to the

14  PLAINTIFF and the other District Sales Managers as a salaried position exempt from overtime

15  wages and other related benefits.

16      7.      Plaintiff Jacqueline Cavalier Nelson was required to spend the majority of her time

17  engaging in the non-exempt promotional work of recruiting persons to become independent

18  contractor sales representatives of AVON and then educating these independent contractors about

19  AVON's product line.  Although promotional work can constitute exempt sales work if the

20  promotional activity is incidental to, or done in conjunction with, the employees' outside sales

21  work, here the promotional work was done in advance of sales made by someone else other than

22  the PLAINTIFF and other District Sales Managers and as such their work should not be

23  considered exempt outside sales work.  If the sales representatives wanted to purchase a product

24  from AVON, then the sales representatives would buy directly from AVON through the use of

25  AVON's website or through the mail.  The PLAINTIFF and other District Sales Managers were

26  not involved in the sales process between the sales representatives and AVON.  As a result of the

27  lack of managerial duties required of PLAINTIFF and the lack of true outside sales work,

28  PLAINTIFF and other District Sales Managers should have been properly classified as non-

1  exempt employees entitled to overtime wages and other related benefits.

2      8.      To  perform their finite set of tasks, the District Sales Managers do not engage in
3  a supervisory role given the constraints placed upon them by company policy.  District Sales
4  Managers do not determine what work is to be done by other employees or in what time frame.
5  Furthermore, District Sales Managers also have no role in training other employees of AVON or
6  determining what training they are to receive. The District Sales Managers do not have the
7  authority to hire, fire, or promote other employees.  District Sales Managers also do not have the
8  authority to determine other employees' pay rates or benefits, or give raises as they are unable
9  to make employment-related, personnel decisions. Disciplinary decisions are made by the human
10  resources department or dictated by company policies.   As a result, the District Sales Managers
11  are engaged in a type of work that requires no exercise of independent judgment or discretion as
12  to any matter of significance.   Therefore, the PLAINTIFF and all the other District Sales
13  Managers are "managers" in name only because they do not have managerial duties or authority
14  and should therefore be properly classified as non-exempt employees.

15      9.      Plaintiff Jacqueline Cavalier Nelson brings this Class Action on behalf of herself
16  and a California class, defined as all persons who are or previously were employed by Defendant
17  Avon Products, Inc. in California as District Sales Managers and were classified as exempt from
18  overtime wages  (the "CALIFORNIA CLASS") at any time during the period beginning on the
19  date four (4) years prior to the filing of this Complaint and ending on the date as determined by
20  the Court (the "CALIFORNIA CLASS PERIOD").

21      10.     The work schedule for the PLAINTIFF and other CALIFORNIA CLASS Members
22  is set by AVON.  The PLAINTIFF and other CALIFORNIA CLASS Members work regularly
23  in excess of eight (8) hours in a workday and more than forty (40) hours in any given workweek.

24      11.     PLAINTIFF and the other CALIFORNIA CLASS Members are not provided with
25  overtime compensation, are also not afforded their meal and/or rest breaks  and other benefits
26  required by law as a result of being classified as "exempt" by AVON.

27      12.     As a matter of company policy, practice, and procedure, AVON has uniformly,
28  unlawfully, unfairly and/or deceptively classified every District Sales Manager as exempt based

1  on job title alone, failed to pay the required overtime compensation and otherwise failed to

2  comply with all applicable labor laws with respect to these District Sales Managers.

3    13. The true names and capacities, whether individual, corporate, subsidiary,

4  partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are presently

5  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

6  pursuant to Fed. R. Civ. Proc. 17.  The PLAINTIFF will seek leave to amend this Complaint to

7  allege the true names and capacities of DOES 1 through 50, inclusive, when they are ascertained.

8  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that

9  the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible

10  in some manner for one or more of the events and happenings that proximately caused the injuries

11  and damages hereinafter alleged.

12    14. The agents, servants and/or employees of the Defendants and each of them

13  acting on behalf of the Defendants acted within the course and scope of his, her or its authority

14  as the agent, servant and/or employee of the Defendants, and personally participated in the

15  conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

16  Consequently, the acts of each Defendants are legally attributable to the other Defendants and all

17  Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

18  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

19  Defendants' agents, servants and/or employees.

20           **THE CONDUCT**

21    15. The finite set of tasks required of the District Sales Managers as defined by

22  DEFENDANT are executed by the District Sales Managers through the performance of non-

23  exempt labor within a defined clerical skill set.

24    16. Although the PLAINTIFF and the other District Sales Managers perform non-

25  exempt tasks, DEFENDANT instituted a blanket classification policy, practice and procedure by

26  which all of these District Sales Managers are classified as exempt from overtime compensation

27  and related benefits.  By reason of this uniform exemption practice, policy and procedure

28  applicable to the PLAINTIFF and the other District Sales Managers who perform these non-

1  exempt tasks, DEFENDANT committed acts of unfair competition in violation of the California

2  Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in

3  a company-wide policy, practice and procedure which fails to properly classify the PLAINTIFF

4  and the other District Sales Managers and thereby fails to pay them overtime wages for

5  documented overtime hours worked.   The proper classification of these employees is

6  DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation

7  to meet this burden, DEFENDANT fails to pay all required overtime compensation for work

8  performed by the members of the CALIFORNIA CLASS and violated the California Labor Code

9  and regulations promulgated thereunder as herein alleged.  In addition, DEFENDANT fails to

10 provide all of the legally required meal and rest breaks to the PLAINTIFF and the other

11 CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code.

12 During the CALIFORNIA CLASS PERIOD, DEFENDANT did not have a policy or practice

13 which provided meal and rest breaks to the PLAINTIFF and the other CALIFORNIA CLASS

14 Members.   As a result, DEFENDANT's failure to provide the PLAINTIFF and the

15 CALIFORNIA CLASS with all legally required meal and rest breaks is evidenced by

16 DEFENDANT's business records which contain no record of these breaks.

17     17.    DEFENDANT, as a matter of law, has the burden of proving that (a) employees

18 are properly classified as exempt and that (b) DEFENDANT otherwise complies with applicable

19 laws.

20     18.    PLAINTIFF and the other CALIFORNIA CLASS Members employed by

21 DEFENDANT are not engaged in work of a type that was or now is performed more than half

22 of their working time away from the employer's place of business performing sales-related

23 activities.    PLAINTIFF and the other CALIFORNIA CLASS Members employed by

24 DEFENDANT are also not engaged in work of a type that was or now is compensated by a

25 exempt commission scheme in that PLAINTIFF and other CALIFORNIA CLASS Members are

26 not paid according to the structure outlined in California Code of Regulations § 11040(3)(A) that

27 provides:

28            The provisions of subsections (A), (B) and (C) [of the Wage Order] above

---

1  shall not apply to any employee whose earnings exceed one and one-half (1
   1/2) times the minimum wage if more than half of that employee's
2  compensation represents commissions.

3  Instead, the PLAINTIFF and CALIFORNIA CLASS Members were and are compensated in such

4  a manner that they fall outside of the "inside salesperson" or "commissioned salesperson"

5  exemption, and should therefore be properly classified as non-exempt employees entitled to

6  overtime compensation.

7     19.   During their employment with DEFENDANT, the PLAINTIFF and the other

8  CALIFORNIA CLASS Members, performs non-managerial, non-exempt tasks, but are

9  nevertheless classified by DEFENDANT as exempt from overtime pay and work from time to

10 time more than eight (8) hours in a workday and in excess of forty (40) hours in any given

11 workweek.

12    20.   PLAINTIFF and the other District Sales Managers employed by DEFENDANT are

13 not engaged in work of a type that was or now is directly related to the management or general

14 business operations of the employer's customers, when giving these words a fair but narrow

15 construction.  PLAINTIFF and the other District Sales Managers employed by DEFENDANT

16 are also not engaged in work of a type that was or now is performed at the level of the policy or

17 management of DEFENDANT.  PLAINTIFF and the other District Sales Managers employed

18 by DEFENDANT are also not engaged in work requiring knowledge of an advanced type in a

19 field or science or learning customarily acquired by a prolonged course of specialized intellectual

20 instruction and study, but rather their work involved the performance of routine mental, clerical,

21 and/or sales related tasks.  PLAINTIFF and the other District Sales Managers employed by

22 DEFENDANT are also not engaged in work that is intellectual and varied in character, but rather

23 is routine mental, clerical, and/or physical work that is of such character that the output produced

24 or the result accomplished can be standardized in relation to a given period of time.  The work

25 of a District Sales Manager of DEFENDANT is work wherein the PLAINTIFF and the members

26 of the CALIFORNIA CLASS are engaged in the day-to-day business of DEFENDANT.  The

27 District Sales Managers perform the finite set of tasks of spending the vast majority of their time

28 in the field training AVON's independent contractors and recruiting potential new hires to

1  become independent contractors and sell AVON's beauty products, filling out pre-formatted

2  forms and processing the new sales representatives, attending weekly   webinars and

3  teleconferences regarding AVON's sales goals, and reading material provided by AVON in order

4  to learn about new beauty products in accordance with DEFENDANT's established specific

5  procedures and protocols which govern and control every aspect of the work performed by the

6  PLAINTIFF and other CALIFORNIA CLASS Members.

7      21.    District Sales Managers are classified as exempt from California overtime and

8  related laws by DEFENDANT, however, these employees do not have managerial duties or

9  authority and are therefore managers in name only.  District Sales Managers perform these

10 ongoing day-to-day clerical and sales activities and they have no role in supervising employees

11 and have no authority to make employment-related decisions relating to DEFENDANT's

12 employees.  Furthermore, the District Sales Managers do not exercise discretion or independent

13 judgment as to matters of significance, and their job duties are not directly related to

14 DEFENDANT's management policies or general business operation.

15     22.    PLAINTIFF and all members of the CALIFORNIA CLASS are and were uniformly

16 classified and treated by DEFENDANT as exempt at the time of hire and thereafter,

17 DEFENDANT failed to take the proper steps to determine whether the PLAINTIFF, and the

18 members of the CALIFORNIA CLASS, were properly classified under the applicable Industrial

19 Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as

20 exempt from applicable California labor laws.  Since DEFENDANT affirmatively and wilfully

21 misclassified the PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with

22 California labor laws, DEFENDANT's practices violated and continue to violate California law.

23 In addition, DEFENDANT acted deceptively by falsely and fraudulently telling the PLAINTIFF

24 and each member of the CALIFORNIA CLASS that they were exempt from overtime pay when

25 DEFENDANT knew or should have known that this statement was false and not based on known

26 facts.  DEFENDANT also acted unfairly by violating the California labor laws, and as a result

27 of this policy and practice, DEFENDANT also violated the UCL.  In doing so, DEFENDANT

28 cheated the competition by paying the CALIFORNIA CLASS less than the amount competitors

1  paid who complied with the law and cheated the CALIFORNIA CLASS by not paying them in

2  accordance with California law.

3        23.    DEFENDANT also failed to provide and still fails to provide the PLAINTIFF and

4  the other CALIFORNIA CLASS Members with a wage statement in writing that accurately sets

5  forth gross wages earned, all applicable hourly rates in effect during the pay period and the

6  corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other

7  CALIFORNIA CLASS Members.  This conduct violated California Labor Code § 226.  The pay

8  stub also does not accurately display anywhere the PLAINTIFF's and the other CALIFORNIA

9  CLASS Members' overtime hours and applicable rates of overtime pay for the pay period.

10        24.    By reason of this uniform conduct applicable to the PLAINTIFF and all the

11  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

12  violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the

13  "UCL"), by engaging in a uniform company-wide policy and procedure which fails to correctly

14  classify the PLAINTIFF and the CALIFORNIA CLASS of District Sales Managers as non-

15  exempt.  The proper classification of these employees is DEFENDANT's burden.  As a result of

16  DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed

17  to properly calculate and/or pay all required overtime compensation for work performed by the

18  members of the CALIFORNIA CLASS and violated the applicable Wage Order, the California

19  Labor Code and the regulations promulgated thereunder as herein alleged.

20        25.    Plaintiff Jacqueline Cavalier Nelson has worked as a District Sales Manager for

21  DEFENDANT and has been classified as a salaried employee exempt from receiving overtime

22  pay since April of 2008 and continues to be employed in this position as of the filing of this

23  Complaint.  PLAINTIFF performs the finite set of tasks of spending the vast majority of her time

24  in the field training AVON's independent contractors and recruiting potential new hires to

25  become independent contractors and sell AVON's beauty products, filling out pre-formatted

26  forms and processing the new sales representatives, attending weekly webinars and

27  teleconferences regarding AVON's sales goals, and reading material provided by AVON in order

28  to learn about new beauty products in accordance with DEFENDANT's established specific

1   procedures and protocols which govern and control every aspect of the work performed by the

2   PLAINTIFF.  During the CALIFORNIA CLASS PERIOD, PLAINTIFF as an District Sales

3   Manager, has been classified by DEFENDANT as exempt from overtime pay and regularly works

4   in excess of eight (8) hours in a workday and more than forty (40) hours in a workweek, but as

5   a result of DEFENDANT's misclassification of PLAINTIFF as exempt from the applicable

6   California Labor Code provisions, PLAINTIFF is not compensated by DEFENDANT for her

7   overtime hours worked at the applicable overtime rate and DEFENDANT also fails to provide

8   PLAINTIFF with her meal and rest breaks.  In addition, PLAINTIFF has not been provided with

9   accurate and itemized wage statements showing the gross wages earned, the net wages earned,

10  all applicable hourly rates in effect during the pay period, including overtime hourly rates, and

11  the corresponding number of hours worked at each hourly rate, by DEFENDANT during the

12  CALIFORNIA CLASS PERIOD in violation of Cal. Lab. Code 226(a).

14  **THE CALIFORNIA CLASS**

15      26.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

16  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

17  Action, pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California Class, defined

18  as all persons who are or previously were employed by Defendant Avon Products, Inc. in

19  California as District Sales Managers and were classified as exempt from overtime wages (the

20  "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years prior

21  to the filing of this Complaint and ending on the date as determined by the Court (the

22  "CALIFORNIA CLASS PERIOD").

23      27.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

24  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

25  accordingly.

26      28.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

27  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

28  Requirements, and the applicable provisions of California law, intentionally, knowingly, and

1  wilfully, engages in a practice whereby DEFENDANT uniformly, unfairly, unlawfully, and

2  deceptively instituted a practice to ensure that the employees employed in a District Sales

3  Manager position were not properly classified as non-exempt from the requirements of California

4  Labor Code §§ 510, *et seq.*

5      29.    DEFENDANT has the burden of proof to make sure that each and every employee

6  is properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.*

7  DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in place

8  during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice that

9  misclassifies the CALIFORNIA CLASS Members as exempt.  DEFENDANT's uniform policy

10 and practice in place at all times during the CALIFORNIA CLASS PERIOD and currently in

11 place is to systematically classify each and every CALIFORNIA CLASS Member as exempt from

12 the requirements of the California Labor Code §§ 510, *et seq.*  This common business practice

13 applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide

14 basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200,

15 *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

16     30.    At no time before or during the PLAINTIFF's employment with DEFENDANT

17 was any District Sales Manager reclassified as non-exempt from the applicable requirements of

18 California Labor Code §§ 510, *et seq.* after each CALIFORNIA CLASS Member was initially,

19 uniformly, and systematically classified as exempt upon being hired.

20     31.    Any individual declarations of any employees offered at this time purporting to

21 indicate that one or more District Sales Managers may have been properly classified is of no force

22 or affect absent contemporaneous evidence that DEFENDANT's uniform system did not

23 misclassify the PLAINTIFF and the other CALIFORNIA CLASS Members as exempt pursuant

24 to Cal. Lab. Code §§ 510, *et seq.* absent proof of such a contemporaneous system,

25 DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the UCL

26 and may be so adjudicated on a class-wide basis.  As a result of the UCL violations, the

27 PLAINTIFF and the CALIFORNIA CLASS Members are entitled to compel DEFENDANT to

28

1  provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to restitute

2  these funds to the PLAINTIFF and the CALIFORNIA CLASS Members according to proof.

3      32.   The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA

4  CLASS Members is impracticable.

5      33.   DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

6  California law by:

7          (a)   Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

8               §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively

9               having in place company policies, practices and procedures that uniformly

10              misclassified the PLAINTIFF and the members of the CALIFORNIA

11              CLASS as exempt;

12         (b)   Committing an act of unfair competition in violation of the UCL, by

13              unlawfully, unfairly, and/or deceptively failing to have in place a company

14              policy, practice and procedure that accurately determined the amount of

15              working time spent by the PLAINTIFF and the members of the

16              CALIFORNIA CLASS performing non-exempt labor;

17         (c)   Committing an act of unfair competition in violation of the UCL, by having

18              in place a company policy, practice and procedure that failed to reclassify

19              as non-exempt those members of the CALIFORNIA CLASS whose actual

20              tasks were comprised of non-exempt job functions;

21         (d)   Committing an act of unfair competition in violation of the UCL, by

22              violating Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct

23              overtime pay to the PLAINTIFF and the members of the CALIFORNIA

24              CLASS who were improperly classified as exempt, and retaining the unpaid

25              overtime to the benefit of DEFENDANT; and,

26         (e)   Committing an act of unfair competition in violation of the UCL, by

27              violating Cal. Lab. Code § 226.7, by failing to provide all mandatory meal

28

1    and/or rest periods to the PLAINTIFF and the CALIFORNIA CLASS

2    Members.

3    34.    This Class Action meets the statutory prerequisites for the maintenance of a

4    Class  Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

5    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that

6    the joinder of all such persons is impracticable and the disposition of their

7    claims as a class will benefit the parties and the Court;

8    (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

9    raised in this Complaint are common to the CALIFORNIA CLASS will

10    apply uniformly to every member of the CALIFORNIA CLASS;

11    (c)    The claims of the representative PLAINTIFF are typical of the claims of

12    each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other

13    members of the CALIFORNIA CLASS, was initially classified as exempt

14    upon hiring based on the defined corporate policies and practices and

15    labored under DEFENDANT's systematic procedure that failed to properly

16    classify as non-exempt the PLAINTIFF and the members of the

17    CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result

18    of DEFENDANT's employment practices.  PLAINTIFF and the members

19    of the CALIFORNIA CLASS were and are similarly or identically harmed

20    by the same unlawful, deceptive, unfair and pervasive pattern of misconduct

21    engaged in by DEFENDANT by deceptively advising all District Sales

22    Managers that they were exempt from overtime wages based on the defined

23    corporate policies and practices, and unfairly failing to pay overtime to

24    these employees who were improperly classified as exempt; and,

25    (d)    The representative PLAINTIFF will fairly and adequately represent and

26    protect the interest of the CALIFORNIA CLASS, and has retained counsel

27    who are competent and experienced in Class Action litigation.  There are no

28

material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

35.   In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the District Sales Managers as exempt and, thereafter, uniformly fail to take proper steps to determine whether the District Sales Managers are properly classified as exempt, and thereby denied these employees overtime wages

as required by law;

1)      With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the PLAINTIFF seeks declaratory relief holding that DEFENDANT's policy and practices constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)      Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because as a practical matter a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)     A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

36.   This Court should permit this Action to be maintained as a Class Action pursuant to pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because DEFENDANT's employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting

their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA CLASS consists of all DEFENDANT's District Sales Managers who were classified as exempt and who were employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the

1   members of the CALIFORNIA CLASS.

2       37.    DEFENDANT maintains records from which the Court can ascertain and identify

3   by name and job title, each of DEFENDANT's employees who have been systematically,

4   intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

5   procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any

6   additional job titles of similarly situated employees when they have been identified.

7

8                  **THE CALIFORNIA LABOR SUB-CLASS**

9       38.    PLAINTIFF further brings the Second and Third Causes of Action on

10   behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who were

11   employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-CLASS") during

12   the period beginning on the date three (3) years prior to the filing of the action and ending on the

13   date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant

14   to pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

15       39.    DEFENDANT, as a matter of corporate policy, practice and procedure,

16   and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare

17   Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and

18   systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA

19   CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from overtime wages and other

20   labor laws based on DEFENDANT's comprehensive policies and procedures in order to avoid

21   the payment of overtime wages by misclassifying their positions as exempt from overtime wages

22   and other labor laws.  To the extent equitable tolling operates to toll claims by the CALIFORNIA

23   LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS

24   PERIOD should be adjusted accordingly.

25       40.    DEFENDANT maintains records from which the Court can ascertain and

26   identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR SUB-

27   CLASS Members have been systematically, intentionally and uniformly misclassified as exempt

28

as a matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to amend the Complaint to include these additional job titles when they have been identified.

41. The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

42. Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

      (a)   Whether DEFENDANT unlawfully failed to pay overtime  compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

      (b)   Whether the members of the CALIFORNIA LABOR SUB-CLASS are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

      (c)   Whether DEFENDANT's policy and practice of classifying the CALIFORNIA LABOR SUB-CLASS Members as exempt from overtime compensation and failing to pay the CALIFORNIA LABOR SUB-CLASS Members overtime violate applicable provisions of California law;

      (d)   Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUB-CLASS Members with accurate records of overtime hours worked; and,

      (e)   The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS.

43. DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all District Sales Managers as exempt from overtime wages and other labor laws.  All District Sales Managers, including the PLAINTIFF, performed the same finite set of tasks and were paid by DEFENDANT according to uniform and systematic company procedures, which,

1    as alleged herein above, failed to correctly pay overtime compensation.  This business practice

2    was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS,

3    and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

4         44.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

5    under California law by:

6              (a)    Violating Cal. Lab. Code §§ 510, *et seq*., by misclassifying and thereby

7                     failing to pay the PLAINTIFF and the members of the CALIFORNIA

8                     LABOR SUB-CLASS the correct overtime pay for a workday longer than

9                     eight (8) hours and a workweek longer than forty (40) hours, for which

10                    DEFENDANT is liable pursuant to Cal. Lab. Code § 1194; and,

11             (b)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and

12                    the members of the CALIFORNIA LABOR SUB-CLASS who were

13                    improperly classified as exempt with an accurate itemized statement in

14                    writing showing the gross wages earned, the net wages earned, all

15                    applicable hourly rates in effect during the pay period and the corresponding

16                    number of hours worked at each hourly rate by the employee.

17        45.    This Class Action meets the statutory prerequisites for the maintenance of a

18   Class Action as set forth in pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

19             (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

20                    so numerous that the joinder of all such persons is impracticable and the

21                    disposition of their claims as a class will benefit the parties and the Court;

22

23             (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

24                    raised in this Complaint are common to the CALIFORNIA LABOR SUB-

25                    CLASS and will apply uniformly to every member of the CALIFORNIA

26                    LABOR SUB-CLASS;

27             (c)    The claims of the representative PLAINTIFF are typical of the claims of

28

each member of the CALIFORNIA LABOR SUB-CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was improperly classified as exempt and denied overtime pay as a result of DEFENDANT's systematic classification practices.  PLAINTIFF and all the other members of the CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

46.     In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)      Adjudication with respect to individual members of the

CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly classified and treated the District Sales Managers as exempt and, thereafter, uniformly failed to take proper steps to determine whether the District Sales Managers are properly classified as exempt, and thereby denied these employees overtime wages as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative

litigation that would create the risk of:

        A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

        B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

    4)    A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

47.    This Court should permit this Action to be maintained as a Class Action pursuant to pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), because:

    (a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA

LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA LABOR SUB-CLASS consists of CALIFORNIA CLASS Members who were employed by DEFENDANT in California during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring

a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

48.     This action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3). Defendant removed this action to Federal Court from the Superior Court of California, County of Santa Cruz on the basis that Defendant contends there is jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

49.     Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.  Venue is also proper in this district because the complaint was initially filed in the Superior Court of California, County of Santa Cruz, but was later removed by DEFENDANT to this Court.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq*.]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

50.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

51.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

52.     California Business & Professions Code §§ 17200, *et seq*. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

1   competition as follows:

2        Any person who engages, has engaged, or proposes to engage in unfair
         competition may be enjoined in any court of competent jurisdiction.
3        The court may make such orders or judgments, including the
         appointment of a receiver, as may be necessary to prevent the use or
4        employment by any person of any practice which constitutes unfair
         competition, as defined in this chapter, or as may be necessary to
5        restore to any person in interest any money or property, real or
         personal, which may have been acquired by means of such unfair
6        competition.

7   California Business & Professions Code § 17203.

8        53.   By the conduct alleged herein, DEFENDANT has engaged and continues to engage

9   in a business practice which violates California law, including but not limited to, Wage Order 4-

10  2001, the California Code of Regulations, and the California Labor Code Sections 204, 226.7,

11  510, 512, 1194 & 1198, for which this Court should issue declaratory and other equitable relief

12  pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the

13  conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

14       54.   By the conduct alleged herein, DEFENDANT's practices are unlawful and

15  unfair in that these practices violate public policy, are immoral, unethical, oppressive,

16  unscrupulous or substantially injurious to employees, and are without valid justification or utility

17  for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the

18  California Business & Professions Code, including restitution of wages wrongfully withheld.

19       55.   Throughout the CALIFORNIA CLASS PERIOD, it was also DEFENDANT's

20  uniform policy and practice to not provide all legally required meal and rest breaks to the

21  PLAINTIFF and the CALIFORNIA CLASS Members.  DEFENDANT's uniform practice

22  requires the PLAINTIFF and the CALIFORNIA CLASS Members to work continuously

23  throughout the workday without being supplied all meal and/or rest breaks in accordance with

24  the number of hours they worked.  At all relevant times during the CALIFORNIA CLASS

25  PERIOD, DEFENDANT fails to provide any compensated work time for failing to provide such

26  breaks to the PLAINTIFF and the CALIFORNIA CLASS Members.

27       56.   Therefore, the PLAINTIFF demands on behalf of herself and on behalf of each

28  member of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which a meal

1  period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for
2  each workday in which a second meal period was not timely provided for each ten (10) hours of
3  work.

4       57.    PLAINTIFF further demands on behalf of herself and on behalf of each member
5  of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was
6  not timely provided as required by law.

7       58.    By the conduct alleged herein, DEFENDANT's practices are deceptive and
8  fraudulent in that DEFENDANT's uniform policy and practice is to represent to PLAINTIFF and
9  other CALIFORNIA CLASS Members that they are exempt from overtime pay when in fact these
10  representations are false and likely to deceive, for which this Court should issue injunctive and
11  equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages
12  wrongfully withheld.

13      59.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
14  unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and
15  the other members of the CALIFORNIA CLASS to be underpaid during their employment with
16  DEFENDANT.

17      60.    By and through the unlawful and unfair business practices described herein,
18  DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the
19  other members of the CALIFORNIA CLASS and has deprived them of valuable rights and
20  benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit
21  of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who
22  comply with the law.

23      61.    All the acts described herein as violations of, among other things, the California
24  Labor Code, California Code of Regulations, the Industrial Welfare Commission Wage Orders,
25  are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and
26  unscrupulous, and are likely to deceive employees, as herein alleged, and thereby constitute
27  deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§
28  17200, *et seq.*

62.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid overtime wages for all overtime hours worked.

63.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

64.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 1194 and 1198]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

65.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 63 of this Complaint.

66.     Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of

work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

67. Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

68. Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

69. Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

70. Cal. Lab. Code § 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

71. Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

72. DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees, by their job title alone and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS who worked on the non-managerial side of DEFENDANT's business.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

73.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or her recommendations on such actions affecting other employees; and,

(d)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of the applicable Wage Order.

74.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge; or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under the applicable Wage Order.

75.     The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category.  For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession.  For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)      Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)      Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)      Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

1     (c)    The employee earns a monthly salary equivalent to no less than two (2) times the

2              state minimum wage for full-time employment.

3 No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they

4 all fail to meet the requirements of being a "professional" within the meaning of the applicable

5 Wage Order.

6     76.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

7 CLASS, do not fit the definition of an exempt executive, administrative, or professional employee

8 because:

9     (a)    They did not work as executives or administrators; and,

10     (b)    The professional exemption does not apply to the PLAINTIFF, nor to the other

11              members of the CALIFORNIA LABOR SUB-CLASS because they did not meet

12              all the applicable requirements to work under the professional exemption  for the

13              reasons set forth above in this Complaint.

14     77.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF, and

15 the other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8)

16 hours in a workday and more than forty (40) hours in a workweek.

17     78.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the

18 other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the hours

19 they have worked in excess of the maximum hours permissible by law as required by Cal. Lab.

20 Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of the

21 CALIFORNIA LABOR SUB-CLASS, are from time to time required to work, and do in fact

22 work, overtime hours.

23     79.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

24 to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their

25 overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

26 CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are

27 presently unknown to them and which will be ascertained according to proof at trial.

28     80.    DEFENDANT knew or should have known that the PLAINTIFF, and the other

1    members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt and

2    DEFENDANT systematically elected, either through intentional malfeasance or gross

3    nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy,

4    practice and procedure.

5        81.    Therefore, the PLAINTIFF, and the other members of the CALIFORNIA

6    LABOR SUB-CLASS, request recovery of overtime compensation according to proof, interest,

7    costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as

8    provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime compensation is

9    determined to be owed to members of the CALIFORNIA LABOR SUB-CLASS who have

10   terminated their employment, these employees would also be entitled to waiting time penalties

11   under Labor Code § 203, which penalties are sought herein.  Further, the PLAINTIFF, and the

12   other members of the CALIFORNIA LABOR SUB-CLASS, are entitled to seek and recover

13   statutory costs.

14       82.    In performing the acts and practices herein alleged in violation of labor laws

15   and refusing to provide the requisite overtime compensation, DEFENDANT acted and continues

16   to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other

17   members of the CALIFORNIA LABOR SUB-CLASS, with a conscious and utter disregard of

18   their legal rights, or the consequences to them, and with the despicable intent of depriving them

19   of their property and legal rights and otherwise causing them injury in order to increase corporate

20   profits at the expense of the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

21   CLASS.

22

23                          **THIRD CAUSE OF ACTION**

24                **For Failure to Provide Accurate Itemized Statements**

25                          **[Cal. Lab. Code § 226]**

26       **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

27                                  **Defendants)**

28       83.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

1  SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

2  paragraphs 1 through 81 of this Complaint.

3      84.    Cal. Labor Code § 226 provides that an employer must furnish employees

4  with an "accurate itemized" statement in writing showing:

5      (1) gross wages earned,

6      (2) total hours worked by the employee, except for any employee whose compensation is

7      solely based on a salary and who is exempt from payment of overtime under subdivision

8      (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

9      (3) the number of piecerate units earned and any applicable piece rate if the employee is

10     paid on a piece-rate basis,

11     (4) all deductions, provided that all deductions made on written orders of the employee

12     may be aggregated and shown as one item,

13     (5) net wages earned,

14     (6) the inclusive dates of the period for which the employee is paid,

15     (7) the name of the employee and his or her social security number, except that by January

16     1, 2008, only the last four digits of his or her social security number or an employee

17     identification number other than a social security number may be shown on the itemized

18     statement,

19     (8) the name and address of the legal entity that is the employer, and

20     (9) all applicable hourly rates in effect during the pay period and the corresponding

21     number of hours worked at each hourly rate by the employee.

22     85.    At all times relevant herein, DEFENDANT violated Labor Code § 226,

23  in that DEFENDANT failed to provide an accurate wage statement in writing that properly and

24  accurately itemized the number of hours worked by the PLAINTIFF, and the other members of

25  the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective

26  overtime rates of pay.

27     86.    DEFENDANT knowingly and intentionally failed to comply with Labor Code §

28  226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA LABOR

SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for the PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## **FOURTH CAUSE OF ACTION**

### **For Violation of the Private Attorneys General Act**

### **[Cal. Lab. Code §§ 2698, *et seq*.]**

### **(By PLAINTIFF and Against All Defendants)**

87.   PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1-86, supra, as though fully set forth at this point.

88.   PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.  The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

89.   PLAINTIFF brings this Representative Action on behalf of the State of California with respect to herself and all other individuals who are or previously were employed by DEFENDANT as District Sales Managers in California and who were classified as exempt from overtime wages during the applicable statutory period of April 8, 2012 to the present (the

1  "AGGRIEVED EMPLOYEES").

2  90.    PLAINTIFF gave written notice by certified mail to the Labor and Workforce

3  Development Agency (the "Agency") and the employer of the specific provisions of this code

4  alleged to have been violated as required by Labor Code Section 2699.3.  On May 16, 2013, the

5  Agency gave written notice by certified mail to the PLAINTIFF and the employer that it does not

6  intend to investigate the allegations.  *See* Exhibit #1, attached hereto and incorporated by this

7  reference herein.  As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a

8  representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of

9  California with respect to all AGGRIEVED EMPLOYEES as herein defined.

10  91.    The policies, acts and practices heretofore described were and are an unlawful

11  business act or practice because Defendant's (a) failure to properly record and pay PLAINTIFF

12  and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime,

13  (b) failure to provide accurate itemized wage statements, and (c) failure to timely pay wages,

14  violates the applicable Labor Code sections listed in Labor Code §2699.5, including but not

15  limited to Labor Code §§ 204, 226(a), 226.7, 510, 512, 1194, 1198,and  the applicable Wage

16  Order, and thereby gives rise to statutory penalties as a result of such conduct.  PLAINTIFF

17  hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney

18  General Act of 2004 as the representative of the State of California for the illegal conduct

19  perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

20

21  **PRAYER FOR RELIEF**

22  WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly and

23  severally, as follows:

24  1.    On behalf of the CALIFORNIA CLASS:

25  A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

26  CLASS as a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3);

27  B)    An order requiring DEFENDANT to correctly calculate and pay all wages and all

28  sums unlawfuly withheld from compensation due to the PLAINTIFF and the other

1    members of the CALIFORNIA CLASS;

2    C)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

3    for restitution of the sums incidental to DEFENDANT's violations due to the

4    PLAINTIFF and to the other members of the CALIFORNIA CLASS according to

5    proof; and,

6    D)    An order temporarily, preliminarily, and permanently enjoining and restraining

7    DEFENDANT from engaging in similar unlawful conduct as set forth herein.

8  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

9    A)    That the Court certify the Second and Third Causes of Action asserted by the

10    CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to Fed R. Civ.

11    Proc. 23(b)(2) and/or (3);

12    B)    Compensatory damages, according to proof at trial, including compensatory

13    damages for overtime compensation due to the PLAINTIFF and the other members

14    of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA

15    LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

16    C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in

17    which a violation occurs and one hundred dollars ($100) per each member of the

18    CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

19    period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

20    an award of costs for violation of Cal. Lab. Code § 226; and,

21    D)    The wages of all terminated employees from the CALIFORNIA LABOR SUB-

22    CLASS as a penalty from the due date thereof at the same rate until paid or until

23    an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

24  3.    On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

25    A.    Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

26    General Act of 2004.

27  4.    On all claims:

28    A)    An award of interest, including prejudgment interest at the legal rate;

Case 5:13-cv-02276-BLF   Document 22   Filed 09/11/13   Page 38 of 42

B)     Such other and further relief as the Court deems just and equitable; and,

C)     An award of penalties and cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees under Cal. Lab. Code § 218.5.

Dated: September 11, 2013          BLUMENTHAL, NORDREHAUG & BHOWMIK


By:   */s/Norman B. Blumenthal*
              Norman B. Blumenthal
              Attorneys for Plaintiff

1

## DEMAND FOR A JURY TRIAL

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4  Dated: September 11, 2013          BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                                     By:   */s/Norman B. Blumenthal*
                                           Norman B. Blumenthal
7                                          Attorneys for Plaintiff

8

9

10

11  G:\D\Dropbox\Pending Litigation\Avon -Nelson\p-FAC.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT #1</u>



**STATE OF CALIFORNIA**
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

May 16, 2013                                                    **CERTIFIED MAIL**

Aparajit Bhowmik, Esq.
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA  92037

RE: Employer:      Avon Products, Inc. c/o CT Corporation System
RE: Employee(s):   Jacqueline Cavalier Nelson
RE: LWDA  No:      12878

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked April 16, 2013, and after review, does
not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Mark Woo-Sam
General Counsel

Cc:   Avon Products, Inc. c/o CT Corporation System
      818 W. 7th Street
      Los Angeles, CA 90017



UNITED STATES POSTAGE

PITNEY BOWES

$ 003.56⁹
02 1P    MAY 20 2013
0003166804
0001
MAILED FROM ZIP CODE 95814



7010 1060 0001 9363 8900

State of California
Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA  95814

Blumenthal, Nordrehaug & Bohwmik
2255 Calle Clara
La Jolla, CA 92037

LWDA 12878