1  RHONDA TROTTER (State Bar No. 169241)
   Email address: rtrotter@kayescholer.com
2  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 788-1000
4  Facsimile: (310) 788-1200

5  KERRY ALAN SCANLON (admitted *pro hac vice*)
   Email address: kscanlon@kayescholer.com
6  JEREMY M. WHITE (admitted *pro hac vice*)
   Email address: jeremy.white@kayescholer.com
7  KAYE SCHOLER LLP
   901 15th Street, NW
8  Washington, DC 20005
   Telephone: (202) 682-3500
9  Facsimile: (202) 682-3580

10 Attorneys for Defendant
   AVON PRODUCTS, INC.



FILED

OCT 09 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CAVALIER NELSON, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVON PRODUCTS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 13-02276 ~~HRL~~ EJD (HRL)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>MODIFIED BY THE COURT<br><br>(RE: DOCKET NO. 24) |

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 ~~and General Order 62~~ set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

A. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

B. <u>"CONFIDENTIAL" Information or Items</u>: any personal, private, and/or generally not disseminated information which relates to Plaintiff, or to Avon's current or former employees, officers, directors, managers, or agents, including but not limited to: information contained in personnel files; payroll and benefit records; records of disciplinary action; performance evaluations; personal financial information; personal identifiers such as social security numbers and dates of birth; protected health information subject to HIPAA, 45 C.F.R., §164.512, *et. seq.*; private medical records; and communications relating to the foregoing materials. The term "CONFIDENTIAL" as used herein also means proprietary business information relating to Avon, including but not limited to Avon's financial information, trade secrets, practices, procedures, business information, compensation data, sales methods and strategies, and related products and services including communications regarding the same. Any document encompassing the above information contains information not readily available to the general public and some of

these documents contain personal and highly confidential information relating to Parties and non-parties to this action. Additional information may be later identified which shall also be considered "CONFIDENTIAL" and such information shall be given similar protections pursuant to this Stipulated Protective Order as specifically designated by and agreed to by the Parties during the course of this matter.

C. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

D. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

E. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, interrogatory responses, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

F. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

G. <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

H. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

I. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

J.  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

K.  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

L.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

M.  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

N.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## III. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. *For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this order.*

## V. DESIGNATING PROTECTED MATERIAL

A.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

B.  Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1. for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2. for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony on the record, either during the deposition, hearing, or other proceeding, or within fourteen (14) calendar days after receipt of the transcript.

3. for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. <u>Inadvertent Failures to Designate</u>. The inadvertent or unintentional disclosure of Confidential Information to the Receiving Party shall not preclude the Producing Party from later designating such information as "CONFIDENTIAL," provided that it shall not be considered a violation of this Order to disclose such undesignated Confidential Information any time prior to the Producing Party's designation of such information as "CONFIDENTIAL." In the event that the Producing Party inadvertently fails to stamp or otherwise to designate information as "CONFIDENTIAL" at the time of its disclosure, the Producing Party shall not be deemed to have waived its right to stamp or otherwise to designate the information as "CONFIDENTIAL."

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's


confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. No Party concedes that any information designated by any person as "CONFIDENTIAL" does in fact contain or reflect Confidential Information as defined herein.

B.  Meet and Confer. If, during the pendency of this litigation, any Party wishes to object to any designations of Protected Material, the following procedure shall apply: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge no later than twenty-one (21) calendar days after receipt of the Protected Material, unless good cause can be shown why the Challenging Party failed to object within the time parameters set forth herein. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, ~~the Designating Party shall file and serve a motion to retain~~ THEY SHALL COMPLY WITH THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY DISPUTES. ~~confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable)~~ within 21 calendar days of the initial notice of challenge or within 14 calendar days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. ~~Each such motion~~ IN EACH DISCOVERY DISPUTE JOINT REPORT (DDJR), THE PARTIES MUST ATTEST THAT ~~must be accompanied by a competent declaration affirming that the movant has complied with~~ the meet and confer requirements imposed in the preceding paragraph HAVE BEEN SATISFIED. Failure by the Designating Party to ~~make such a motion including the required declaration~~ SEEK COURT INTERVENTION within 21 calendar days (or 14 calendar days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any ~~motion~~ IN DDJR brought pursuant to this provision, THE PARTIES MUST ATTEST THAT ~~must be accompanied by a competent declaration affirming that the movant has complied with~~ the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to ~~file a motion to retain confidentiality~~ SEEK COURT INTERVENTION as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

# VII. ACCESS TO AND USE OF PROTECTED MATERIAL

A.  **Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.  **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;
2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;
3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;
4. the court and its personnel;
5. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

6.     any third-party mediator selected by the Parties or assigned to assist by the Court, or their administrative staff;

7.     during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court (pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order); and

8.     the author or recipient of a document containing the information.

Each person or entity in subsections (1) through (3) AND (5)-(8) of paragraph VII(B), to whom any Protected Material is to be disclosed, shall be provided with a copy of this Stipulated Protective Order prior to such disclosure and agree to comply with its terms.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

1.     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties, either voluntarily or pursuant to a subpoena or a court order, in connection with this litigation may be designated in the same manner and shall receive the same level of protection under this Stipulated Protective Order as any Party to this proceeding. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A Non-Party's use of this Stipulated Protective Order to protect its "Confidential Information" does not entitle that non-party to gain access to Confidential Information produced by any Party or other non-party in this Proceeding.

2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      b.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      c.    make the information requested available for inspection by the Non-Party.

3.    If the Non-Party fails to object or seek a protective order from this court within 14 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. **ALL DISCLOSURE AND DISCOVERY DISPUTES ARE SUBJECT TO THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY DISPUTES.**

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons review a copy of this Stipulated Protective Order and agree to comply with its terms.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

The parties agree that pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document. Except in the event that the Receiving Party disputes the claim, any documents the Producing Party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the Producing Party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the Receiving Party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

## XII. MISCELLANEOUS

A.  Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

B.  Right to Assert Other Objections. It is understood and agreed that the execution of this Stipulated Protective Order shall in no way constitute a waiver of a

Party's right to raise or to assert any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance or admissibility of any documents or their contents. Subject to the Court's rules and procedures, this Protective Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the Protected Material subject to this Protective Order and nothing contained herein shall affect the admissibility or inadmissibility at trial of any evidentiary material.

C.  Filing Protected Material. ~~If any Protected Material is filed with the Court, the specific information which is protected shall be redacted. The only circumstance in which a document is not to be filed electronically is if the entire document constitutes Protected Material and there is no other information on the document. If possible, in the electronic filing, there will be a notation by the filing party that the information being maintained in confidence will be submitted under separate cover directly to the Court's chambers via U.S. mail or hand-delivery. The submission to the Court will include a cover letter to notify that the information is being submitted subject to this "Stipulated Protective Order." As an example, if the information being maintained in confidence is a medical record with no other information on the document, the medical record will be omitted from the electronic filing and submitted in whole to the Court with a cover letter as described above.~~

~~Subject to and without waiving the foregoing, a~~ A Party may not file in the public record in this action any Protected Material without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 ~~and General Order 62~~. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 ~~and General Order 62~~, a sealing order will issue only upon a request establishing that the

Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) ~~and General Order 62~~ is denied by the court, then the ~~Receiving~~ MOVING Party ~~may file the information in the public record pursuant to Civil Local Rule 79-5(e)~~ SHALL COMPLY WITH CIVIL LOCAL RULE 79-5(f)(2) unless otherwise instructed by the court.

D. <u>Modifications</u>. Nothing herein shall preclude a Party from applying to this Court, with notice to the other, for an order modifying this Stipulated Protective Order. This Protective Order may be modified by a writing signed by the Parties or by court order. Nothing in this Protective Order is intended to modify any pre-existing confidentiality agreement previously entered into by any Party or third party.

E. <u>Counterparts</u>. This Stipulated Protective Order may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

## XIII. FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this

provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 8, 2013          /s/ Piya Mukherjee
                                Attorneys for Plaintiff

DATED: October 8, 2013          /s/ Jeremy M. White
                                Attorneys for Defendant

PURSUANT TO STIPULATION, AS MODIFIED BY THE COURT, IT IS SO ORDERED.

DATED: 10/9/13

United States ~~District~~ Magistrate Judge

HOWARD R. LLOYD

17