UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE CAVALIER NELSON, ANTOINETTE ARELLANO, MELVIN BACON, MARY BANDINI, AIMEE BECERRA, ALEXIS BILITCH, STACY BRANSON, SHANNON CAMPBELL, ARMANDO COLON, ALONSO ESPINOZA, DIANA FLORES, CAMILLE HERNANDEZ, STEFANIE JOHANSEN, JUANA LOPEZ, LOUELLA MAUBAN, GRETCHEN NIELSON, JEDDY REED, SUZANNE QUEDADO and MICHELLE THIEBOLD, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>AVON PRODUCTS, INC., a New York Corporation; and DOES 1 through 50 inclusive,<br><br>        Defendant. | Case No.  5:13-cv-02276 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Docket No. 44] |

Plaintiffs sue for themselves and on behalf of a putative class of persons who are or were employed by defendant Avon Products, Inc. (Avon) in California as "District Sales Managers" (DSMs) and classified as exempt from overtime compensation at any time during a period beginning four years prior to the filing of the complaint. Plaintiffs allege that DSMs are managers in name only, who performed a finite set of routine, non-exempt tasks. They further claim that

Avon has a corporate policy or practice of misclassifying DSMs as exempt based on their job title alone, without considering their actual job duties. Avon maintains that, at all times, it properly classified its DSMs as exempt employees. The complaint alleges violations of California's labor and unfair competition laws and originally was filed in state court. Avon subsequently removed the matter here, asserting federal jurisdiction based on, among other things, diversity. 28 U.S.C. § 1332.

In Discovery Dispute Joint Report (DDJR) No. 1, plaintiffs seek an order compelling Avon to provide them with the names and the last-known telephone numbers, addresses, and email addresses for the putative class members. Plaintiffs argue that this discovery is relevant and necessary for proper assessment of class issues. Avon contends that the requested pre-certification discovery is unnecessary and inappropriate; and, defendant believes that plaintiffs cannot make the requisite showing for class certification anyway. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court grants plaintiffs' request for an order compelling the discovery.

Whether or not pre-certification discovery will be permitted, and the scope of any discovery that is allowed, lies within the court's sound discretion. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."); Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court."). "'[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation.'" Del Campo, 236 F.R.D. at 459 (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L.Ed.2d 253 (1978)). Plaintiffs bear the burden of advancing a prima facie showing that the class action requirements of Rule 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations. Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).

Plaintiffs argue that they need the discovery to obtain "evidence as to the commonality of

2

Defendant's business practice of classifying the Class Members as exempt from receiving overtime compensation." (Dkt. 44 at ECF p. 4). This court is underwhelmed by the parties' respective arguments. But, it will grant their requested discovery for the reasons discussed below.

The putative class members may well possess discoverable information relevant to the commonality of plaintiffs' claims. Additionally, they are potential percipient witnesses to Avon's alleged employment and wage practices, and their identities and locations properly are discoverable. Avon contends that plaintiffs are not entitled to conduct class-wide discovery at this time. In defendant's view, the court's case management schedule[1] establishes a *de facto* bifurcation between class and merits discovery because it sets a single fact discovery cutoff date more than seven months after the deadline for plaintiffs to file their class certification motion. But, without some express indication that the presiding judge actually intended to bifurcate class and merits discovery, this court declines to read such a limitation into the scheduling order. Further, disclosure of putative class members' contact information "is a common practice in the class action context." Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011); see also Bell v. Delta Air Lines, Inc., No. C13-01199YGR (LB), 2014 WL 985829 at *3 (N.D. Cal., Mar. 7, 2014) (collecting cases). Pointing out that the nineteen plaintiffs managed to find themselves without any of the requested contact information, defendant believes that they probably have sufficient alternative sources of information to interview putative class members without the requested discovery. But, the mere fact that plaintiffs were able to locate some putative class members on their own is not, by itself, a reason to preclude the requested discovery. Under these circumstances, this court finds that "[t]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). "And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the

---

[1] This case previously was assigned to Judge Davila, who set the fact discovery cutoff for March 12, 2015 (Dkt. 42). The case recently has been reassigned to Judge Freeman. The previously set discovery cutoff dates and other deadlines, however, remain in effect. See http://cand.uscourts.gov/orders/blf-order.pdf.

defendant." Id.

Avon nevertheless maintains that disclosure of the requested contact information violates the putative class member's privacy rights. Plaintiffs' need for the requested information must be balanced against defendant's asserted objections, including the privacy rights of potential class members. Artis, 276 F.R.D. at 352-53. As discussed above, plaintiffs have a legitimate need for the requested contact information. The right to privacy is not absolute; and, the contact information sought here generally is considered less sensitive than "more intimate privacy interests such as compelled disclosure of medical records and personal histories." Id. at 353; see also Tierno v. Rite Aid Corp., No. C05-02520TEH, 2008 WL 3287035 at *3 (N.D. Cal., July 31, 2008) (concluding that disclosure of class members' job position and contact information was not a serious invasion of privacy, especially where a protective order was in place to ensure that the information is not misused.). There is a protective order in place (Dkt. 25) to safeguard putative class members' private information.[2] And, as an additional precaution, plaintiffs say that they are willing to proceed with an opt-out Belaire-West[3] notice, albeit they point out that courts have not found such procedures necessary where there is a protective order in place. Putnam v. Eli Lilly & Co., 508 F. Supp.2d 812, 814 (C.D. Cal. 2007); see also Benedict v. Hewlett-Packard Co., No. 13-cv-0119LHK, 2013 WL 3215186 at *2 (N.D. Cal., June 25, 2013) (observing that "[n]umerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members."). To further minimize the possibility for abuse, the court reminds the parties that their communications must be fair and accurate and that misleading, intimidating, or coercive communications are prohibited.

Based on the foregoing, plaintiffs' request for an order compelling putative class members'

---

[2] Should either side feel that additional protections are appropriate, they are to meet-and-confer with one another to agree upon terms, or to submit the matter to this court if they are unable to agree following good faith negotiations on the matter.

[3] See Belaire-West Landscape Inc. v. Super. Ct., 149 Cal.App.4th 554, 57 Cal.Rptr.3d 197 (2007). A "Belaire-West notice" opt-out procedure involves providing potential class members with written notice advising them of the lawsuit and giving them the opportunity to opt-out if they do not want their contact information disclosed.

1  contact information is granted.  The parties shall forthwith proceed with an opt-out Belaire-West
2  notice procedure, and Avon shall immediately provide plaintiffs with the names and contact
3  information for putative class members who do not opt out.
4  **SO ORDERED**.
5  Dated:   June 10, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

5:13-cv-02276-BLF Notice has been electronically mailed to:

Aparajit Bhowmik     aj@bamlawlj.com

Jeremy White     jeremy.white@kayescholer.com, maondca@kayescholer.com

Kerry Alan Scanlon     kscanlon@kayescholer.com, mburton@kayescholer.com

Kyle Roald Nordrehaug     kyle@bamlawlj.com

Norman B. Blumenthal     norm@bamlawlj.com

Rhonda Renee Trotter     rtrotter@kayescholer.com

Ruchira Piya Mukherjee     piya@bamlawlj.com