UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE CAVALIER NELSON et al., <br> Plaintiffs, <br> v. <br> AVON PRODUCTS, INC., <br> Defendant. | Case No. 13-cv-02276-BLF <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RELIEF** |

Before the Court is Defendant's Motion for Relief from a Non-Dispositive Pretrial Order of a Magistrate Judge ("Motion for Relief"). Defendant asks this Court to vacate the June 10, 2014 Order Re: Discovery Dispute Joint Report No. 1 ("Order") in the above-captioned action compelling the disclosure of certain pieces of putative class members' contact information. Plaintiffs oppose. Having reviewed the briefing of the parties and the Order in question, the Court DENIES Defendant's Motion.

## I.   LEGAL STANDARD

A magistrate judge may resolve non-dispositive matters, and issue orders thereon. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). District courts may review such non-dispositive orders, but a magistrate judge's order may only be set aside when its factual findings are found to be "clearly erroneous," or its legal conclusions are found to be "contrary to law." Fed. R. Civ. P. 72(a). The order is "not subject to de novo [review] . . . . The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. San Francisco*, 931 F.2d 236, 341 (9th Cir. 1991). A district court *must* affirm the order unless it is "left with the definite and firm conviction that a mistake has been committed." *Kaminske v. JP Morgan Chase Bank, N.A.*, 2010 WL 5782995, at *1 (C.D. Cal. May 21, 2010) (citing *Burdick v. Comm'r*, 979 F.2d

1369, 1370 (9th Cir. 1992)).

## II. DISCUSSION

### 1. The Order

This case concerns allegations that Avon Products, Inc. ("Avon") has a policy of misclassifying its District Sales Managers as exempt from overtime compensation. The parties filed their first Discovery Dispute Joint Report ("DDJR") with Magistrate Judge Howard R. Lloyd (ECF 44), in which Plaintiffs requested an order compelling Defendant to provide the names, and last-known telephone numbers, addresses, and email addresses, for all putative class members, arguing that such discovery would be relevant and necessary for their future motion for class certification. (DDJR, ECF 44 at 1) Defendant contended that such discovery was unnecessary and inappropriate, and that Plaintiffs further would be unable to make the requisite showing for class certification. (*Id.* at 1-2)

Judge Lloyd granted Plaintiffs' discovery request, finding that Plaintiffs had met their burden under *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), to make a prima facie showing that either the class action requirements of Rule 23 were satisfied, or that discovery would be likely to produce substantiation of the class allegations. (Order, ECF 48 at 2) Recognizing that it found both parties' arguments "underwhelming" (*id.* at 3), the court granted the requested discovery for several reasons. It found that "putative class members may well possess discoverable information relevant to the commonality of plaintiffs' claims," and that the putative class members "are potential percipient witnesses to Avon's alleged employment and wage practices." (*Id.* at 3) Finding that "disclosure of putative class members' contact information is a common practice in the class action process," (*id.*), the court found that it was "advisable practice" to permit discovery in this circumstance. (*Id.*)

### 2. The Motion for Relief

Following the Order, Defendant filed the instant Motion. Defendant contends that the Magistrate Judge failed to properly apply the *Mantolete* standard. (Motion for Relief at 1) First, Defendant argues that the Order was issued "without [the court] determining whether plaintiffs made the required showing under *Mantolete*." (*Id.* at 2) Second, Defendant argues that Plaintiffs

2

failed to make the appropriate showing in their portion of the DDJR, stating "at no point did plaintiffs address their burden of proof with respect to Rule 23, or explain how the class contact information is likely to substantiate their class allegations." (*Id.*) Finally, Defendant argues that the Order failed to consider other relevant factors, such as the size of the putative class and the fact that Plaintiffs have already managed to contact the nineteen named Plaintiffs. (*Id.* at 4) The Court finds each of these arguments unavailing, and declines to vacate the Order.

Contrary to Defendant's argument, the Order clearly reveals that Judge Lloyd applied the proper standard for determining whether to compel pre-class certification discovery of putative class members' contact information. The Order identifies and applies the Ninth Circuit's required analysis as set forth in *Mantolete* and as applied by numerous district courts over the past twenty years since *Mantolete* was decided.

Under *Mantolete*, a party seeking discovery may either show that they have satisfied the class action requirements of Rule 23 or that discovery would be likely to produce substantiation of class allegations. *Mantolete*, 767 F.2d 1416, 1424. Judge Lloyd's Order found that Plaintiffs had presented argument as to why discovery would be likely to produce substantiation of the class allegations, as the DDJR states that class discovery could "discover evidence as to the commonality of Defendant's business practice of classifying the Class members as exempt from receiving overtime compensation." (DDJR at 3)

As the Ninth Circuit held in *Doninger v. Pacific Northwest Bell, Inc.*, "[t]o deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion." 564 F.2d 1304, 1313 (9th Cir. 1977). Courts have broad discretion to permit *either* a prima facie showing under Rule 23 *or* a showing that discovery would be likely to produce evidence of class claims. *See, e.g.*, *Kaminske v. JP Morgan Chase Bank, N.A.*, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010) ("Plaintiff cites many district court cases in which plaintiffs in similar situations were not required to make a prima facie showing with respect to Rule 23. . . . [I]t is clear that the court has discretion to decide whether to require the prima facie showing . . . ."). Here, the court exercised its discretion and did not require the prima facie showing, as permitted under *Mantolete*, but found instead that Plaintiffs had presented an argument as to why discovery

3

1  would be likely to produce evidence of class claims. *See Kress v. Price Waterhouse Coopers*,
2  2011 WL 3501003, at *3 (E.D. Cal. Aug. 9, 2011) ("[T]he threshold for pre-certification discovery
3  set forth in *Mantolete* has not been stringently interpreted. Courts generally err on the side of
4  allowing discovery.") (compiling cases). Judge Lloyd properly exercised his discretion in
5  determining the sufficiency of the showing made by Plaintiffs. (*See* Order at 3; *see also* DDJR at
6  2-3) As such, the Court finds that the Order was not contrary to law.

7        Defendant's third argument, that the Order failed to take into account other relevant
8  factors, is similarly unpersuasive. Defendant cites cases in which courts have denied requests for
9  class-wide contact information where plaintiffs have otherwise shown the ability to interview
10 putative class members without such a disclosure (*see* Motion for Relief at 4 (citing *Krzesniak v.
11 Cendant Corp.*, 2007 WL 756905, at *1 (N.D. Cal. Mar. 8, 2007)), however, such a decision to
12 deny or grant discovery falls clearly within the discretion of the ordering court. *See Vinole v.
13 Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir. 2009) ("Whether or not discovery will
14 be permitted . . . lies within the sound discretion of the trial court."); *Cf. Grimes v. City & Cnty. of
15 San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ("The reviewing court may not simply substitute
16 its judgment for that of the deciding court.") This reviewing Court does not engage in de novo
17 review of the prior Order. The Order is consistent with the broad discovery permitted by the
18 Federal Rules of Civil Procedure, and complied with the showing required by *Mantolete*.
19 Defendant cites no case law that would compel the Court to vacate the Order, only case law that
20 shows that courts have exercised their discretion in a different manner than did Judge Lloyd. As
21 such, the Court DENIES Defendant's Motion for Relief.

23       **IT IS SO ORDERED.**

24 Dated: September 3, 2014

                                                                           BETH LABSON FREEMAN
                                                                           United States District Judge