**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Piya Mukherjee (State Bar #274217)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CAVALIER NELSON, ANTOINETTE ARELLANO, MELVIN BACON, MARY BANDINI, AIMEE BECERRA, ALEXIS BILITCH, STACY BRANSON, SHANNON CAMPBELL, ARMANDO COLON, ALONSO ESPINOZA, DIANA FLORES, CAMILLE HERNANDEZ, STEFANIE JOHANSEN, JUANA LOPEZ, LOUELLA MAUBAN, GRETCHEN NIELSON, JEDDY REED, SUZANNE QUEDADO and MICHELLE THIEBOLD, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>AVON PRODUCTS, INC., a New York Corporation; and DOES 1 through 50 inclusive,<br><br>                    Defendants. | CASE No. **CV13-02276 BLF**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: September 22, 2016<br>Hearing Time:  9:00 a.m.<br><br>Judge: Hon. Beth Labson Freeman<br><br>San Jose Courthouse,<br>Courtroom 3 - 5th Floor<br>280 South 1st Street, San Jose, CA 95113 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on September 22, 2016, at 1:30 p.m. in the United States District Court for the Northern District of California, located at the San Jose Courthouse, Courtroom 3 - 5th Floor, 280 South 1st Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Plaintiffs Jaqueline Cavalier Nelson, Alonso Espinoza, Gretchen Nielson, Juana Lopez, Melvin Bacon, Shannon Campbell, Alexi Bilitch, Mary Bandini, Antoinette Arellano, Aimee Becerra, Stacy Branson, Armando Colon, Diana Flores, Samille Hernandez, Stefanie Johansen, Louella Mauban, Jeddy Reed, Suzanne Quedado and Michelle Thiebold (collectively "Named Plaintiffs"), will move and hereby does move for preliminary approval of the proposed Class Settlement with Defendant Avon Products, Inc. ("Avon").  This motion is unopposed as based on the Settlement Agreement and Release (the "Agreement") between the parties filed concurrently with this motion.

The motion will be based on this Notice of Motion and the attached Memorandum of Points and Authorities filed herewith, the Declaration of Kyle Nordrehaug and attached exhibits, the argument of counsel and upon such other material contained in the file and pleadings of this action.

Respectfully submitted,

Dated: August 18, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

By:     _*/s/ Norman B. Blumenthal*_____
Norman B. Blumenthal
Kyle R. Nordrehaug
Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     DESCRIPTION OF THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     PLAN OF ALLOCATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.      THE SETTLEMENT MEETS ALL CRITERIA NECESSARY FOR
        PRELIMINARY APPROVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.      The Role Of The Court In Preliminary Approval Of A Class Action
                Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B.      Factors To Be Considered In Granting Preliminary Approval . . . . . . . 9

                1.      The Settlement Is the Product of Serious, Informed and
                        Noncollusive Negotiations . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                2.      The Settlement Has No "Obvious Deficiencies" and Falls
                        Within the Range for Approval  . . . . . . . . . . . . . . . . . . . . . . . 11

                3.      The Settlement Does Not Improperly Grant Preferential
                        Treatment To The Class Representative or Segments Of
                        The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

                4.      The Stage Of The Proceedings Is Sufficiently Advanced To
                        Permit Preliminary Approval Of The Settlement . . . . . . . . . . . 14

VI.     THE CLASS IS PROPERLY CERTIFIED FOR
        SETTLEMENT PURPOSES   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VII.    THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE  . . . 16

VIII.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# **TABLE OF AUTHORITIES**

**Cases**:

*Armstrong v. Board of School Directors*,
    616 F.2d 305 (7th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Clayton v. Knight Transp.*,
    2013 WL 5877213, 2013 U.S. Dist. LEXIS 156647 (E.D. Cal. 2013) . . . . . . 16

*Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.)*,
    213 F.3d 454 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fisher Bros. v. Cambridge-Lee Indus., Inc.*,
    630 F. Supp. 482 (E.D. Pa. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gautreaux v. Pierce*,
    690 F.2d 616 (7th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Glass v. UBS Fin. Servs.*,
    2007 U.S. Dist. LEXIS 8476 (N.D. Cal. January 27, 2007) . . . . . . . . . . . 11-16

*Hanlon v. Chrysler Co.*,
    150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hogan v. Allstate Ins. Co.*,
    361 F.3d 621 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Jiffy Lube Sec. Litig.*,
    927 F.2d 155 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2011)

*In re Wash. Public Power Supply System Sec. Litig.*,
    720 F. Supp. 1379 (D. Ariz. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Kirkorian v. Borelli*,
    695 F. Supp. 446 (N.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Louie v. Kaiser Found. Health Plan, Inc.*,
    2008 U.S. Dist. LEXIS 78314 (S.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . 7

*Lyons v. Marrud, Inc.*,
    [1972-1973 Transfer Binder] Fed. Sec. L. Rep.
    (CCH) Paragraph 93,525 (S.D.N.Y. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*,
     618 F.3d 988 (9th Cir 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Officers for Justice v. Civil Serv. Comm'n*,
     688 F.2d 615 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*,
     323 F. Supp. 364 (E.D. Pa. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
     390 U.S. 414 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reed v. General Motors Corp.*,
     703 F.2d 170 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reich v. John Alden Life Ins. Co.*,
     126 F.3d 1 (1st Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Staton v. Boeing*,
     327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stovall-Gusman v. W.W. Granger, Inc.*,
     2015 U.S. Dist. LEXIS 78671 (N.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . 12

*Weinberger v. Kendrick*,
     698 F.2d 61 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


**Statutes:**

Fed. Rules Civ. Proc., rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16


**Secondary Authorities:**

2 H. Newberg & A. Conte, *Newberg on Class Actions* (3d ed. 1992) . . . . . . . 6, 7, 17

*Manual for Complex Litigation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 17

3B J. Moore, *Moore's Federal Practice* §§23.80 - 23.85 (2003) . . . . . . . . . . . . . . . 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Named Plaintiffs respectfully submit this memorandum of points and authorities in support of the motion for preliminary approval of settlement of the class action.

## I.   INTRODUCTION

Named Plaintiffs and Defendant Avon Products, Inc. ("Avon") have reached a full and final settlement of the above-captioned class action, which is embodied in the Settlement Agreement and Release (the "Agreement") filed concurrently with the Court as Exhibit 1 to the Declaration of Kyle Nordrehaug ("Decl. Nordrehaug").[1]  By this motion, Named Plaintiffs seek preliminary approval of the Agreement as fair, reasonable and adequate, entry of the Preliminary Approval Order, and scheduling of the Final Approval Hearing to determine final approval of the Settlement.

## II.   DESCRIPTION OF THE SETTLEMENT

Counsel for the Parties, after significant litigation and contentious settlement negotiations, agreed to a settlement that is fair, reasonable and favorable to the Settlement Class, which is defined as: "all individuals who worked for Avon as a full or part-time, active California District Sales Manager for at least one day during the period from April 8, 2009 to March 31, 2016."  (Agreement at ¶ 2.20.)  This Court previously certified the class as set forth in the Order dated April 17, 2015 [Doc.No.70]. Decl. Nordrehaug, ¶3.

Under the terms to which the Parties have agreed, Defendant agrees to pay One Million Eight Hundred Thousand Dollars ($1,800,000.00) (the "Settlement Fund") in consideration for the settlement and the release of the Releases Claims as described in the Agreement.  The Settlement Fund will fund: (i) the Settlement Payments to the Settlement Class; (ii) any reasonable award of attorneys' fees of up to one-third of the Settlement Fund and costs to Class Counsel not to exceed $70,000; (iii) the Claims

---

[1] Capitalized terms in this Memorandum have the same meaning as contained in Section II of the Stipulation.

Administration Expenses; (iv) the Service Payments to the Named Plaintiffs; (v) the PAGA Payment of $10,000; and, (vi) the employee's and employer's share of applicable payroll taxes under federal, state and/or local laws.   (Agreement at ¶ 8.)   Decl. Nordrehaug, ¶4.

As per Paragraph 9 of the Agreement, the Class Monetary Award Fund is the Settlement Fund less distributions for attorneys' fees and costs, claims administration expenses, service payments and PAGA Payment.  The Class Monetary Award Fund will be allocated to the Settlement Class as follows: (i) A fixed weekly amount for monetary payments ("Weekly Amount") will be calculated by dividing the Class Monetary Award Fund by the total amount of Workweeks (as defined in Paragraph 2.25) worked by each Settlement Class Member in a Class-Eligible Job (as defined in Paragraph 2.6) during the Settlement Period; (ii) Settlement Class Members will receive an amount equal to the Weekly Amount multiplied by the number of weeks the Settlement Class Member worked in a Class-Eligible Job during the Settlement Period, less applicable withholdings and deductions.  (Agreement at ¶ 9.4.)  Decl. Nordrehaug, ¶5.

This is an excellent result for the members of the Class.  The litigation risks that the Class Representatives and Class Members face if the case were not settled include, among other things, Defendant prevailing on decertification, an adverse decision on the merits, loss of motions which would result in limiting any exposure, and the possibility that a jury would return a less favorable verdict.  Liability in this case was uncertain because a jury may have found that some or all of the Class Members may have been exempt from overtime requirements.  Indeed, some courts have found exemptions to apply in cases involving similar facts.  Decl. Nordrehaug, ¶6.  Moreover, there was further uncertainty as to whether class certification could have been maintained throughout the trial. These defenses could have reduced the amount recovered or denied a recovery altogether to the members of the Class. Class Counsel and Named Plaintiffs wish to avoid these risks and uncertainties, as well as the consumption of time and resources of litigation, through settlement pursuant to the terms and conditions of the

1  Settlement Agreement.  Decl. Nordrehaug, ¶6.

2  **III.    NATURE OF THE CASE**

3        Named Plaintiff Jaqueline Cavalier Nelson filed a Class Action Complaint against

4  Avon in Superior Court of the State of California for the County of Santa Cruz on April

5  8, 2013.  The action was removed by Avon to the United States District Court for the

6  Northern District of California on May 17, 2013.  The class action lawsuit asserted, inter

7  alia, claims that Avon's District Sales Managers in California are entitled to overtime pay

8  under California labor laws.  Decl. Nordrehaug, ¶7.

9        Named Plaintiff Jaqueline Cavalier Nelson filed a First Amended Complaint on

10  September 11, 2013 and a Second Amended Complaint on January 7, 2014.  The Second

11  Amended Complaint added 18 named plaintiffs and asserted class claims under

12  California Labor Code, California Business and Professions Code and PAGA.  Decl.

13  Nordrehaug, ¶8.

14        On April 17, 2015, the Court certified a class action pursuant to Federal Rule of

15  Civil Procedure 23, appointed Blumenthal, Nordrehaug & Bhowmik as class counsel and

16  approved the designation of the Named Plaintiffs as class representatives.  On November

17  4, 2015, the Court granted the parties' joint stipulation regarding the class notice.  The

18  notice was addressed to all individuals who currently work, or previously worked, for

19  Avon as a California District Sales Manager at any time since April 8, 2009, and

20  enclosed a request for exclusion form for individuals to submit to be excluded from the

21  Civil Action.  In response, seven individuals opted out of the Civil Action by filing a

22  timely request for exclusion form.  Decl. Nordrehaug, ¶9.

23        In the course of litigating the Civil Action, Avon provided payroll and

24  employment data regarding the Class Members to Named Plaintiffs and Class Counsel.

25  Named Plaintiffs served extensive written discovery on Avon, fifteen (15) different

26  witnesses were deposed by the parties, and Class Counsel also interviewed many Class

27  Members.  Based on this data, and their own independent investigation and evaluation,

28  Class Counsel has thoroughly analyzed the value of the Class Members' claims during

the prosecution of this Civil Action.  This discovery, investigation, and prosecution has included, among other things, (a) multiple meetings and conferences with Named Plaintiffs; (b) inspection and analysis of the documents and materials produced by Named Plaintiffs and Avon; (c) analysis of the various legal positions taken and defenses raised by Avon; (d) investigation and law and motion regarding class treatment of the claims; (e) analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto; (g) the exchange of information through formal informal discovery; (h) multiple depositions of witnesses from both parties; and (i) assembling data for calculating damages, including retaining an expert for this calculation.  The discovery conducted in this matter, as well as discussions between counsel, have been more than sufficient to give the Named Plaintiffs and Class Counsel a sound understanding of the merits of their positions and to evaluate the worth of the claims of the Class Members in light of the defenses to them.  Named Plaintiffs and Class Counsel believes that the settlement with Avon for the consideration and on the terms set forth in the Agreement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the likelihood that Avon would prevail on its defenses, and numerous potential appellate issues.  Decl. Nordrehaug, ¶10.

Avon does not admit any liability and denies and wrongdoing and denied that the Class Members are entitled to any damages.  Avon denies any and all allegations relating to this matter, including, amount other things, that it has improperly classified its District Sales Managers as exempt from overtime compensation, failed to pay wages or overtime compensation to its District Sales Managers, or that it otherwise violated its legal obligations.  Avon believes in good faith that its District Sales Managers have always been and continue at the present time to be properly classified as exempt from federal and state overtime requirements and not owed any overtime compensation.  Avon has asserted several affirmative defenses, including that the claims were based on

1  individualized facts and were not appropriate for class certification. Avon maintains that

2  it has acted lawfully at all times. Decl. Nordrehaug, ¶11.

3  On December 10, 2015, the Parties participated in a good-faith, arms-length

4  mediation presided over by Christine Masters, a respected and experience mediator of

5  wage and hour class actions. At the mediation session, the parties were unable to reach

6  a settlement. Mediator Masters continued to negotiate with the parties over the next

7  couple months and was ultimately able to reach a settlement between the Parties through

8  a mediator's proposal which the Parties accepted. Based on the mediator's proposal and

9  these negotiations, the Parties agreed to settle the Civil Action and signed a

10 Memorandum of Understanding. The Parties then negotiated and prepared the

11 Agreement which sets forth the final terms of Settlement for this Court's consideration.

12 Decl. Nordrehaug, ¶12.

13 **IV.   PLAN OF ALLOCATION**

14 To implement the terms of this Settlement, Defendant agrees to pay the Settlement

15 Fund of One Million Eight Hundred Thousand Dollars and No Cents ($1,800,000.00)

16 in full and complete satisfaction of all Released Claims. (Agreement at ¶ 7.1.) The

17 Settlement Fund will fund: (i) the Settlement Payments to the Settlement Class; (ii) any

18 award of reasonable attorneys' fees and costs to Class Counsel; (iii) the Claims

19 Administration Expenses; (iv) the Service Payments to the Named Plaintiffs; and (v) the

20 PAGA Payment. (Agreement at ¶ 8.) Decl. Nordrehaug at ¶13.

21 As per Paragraph 9 of the Agreement, the Class Monetary Award Fund is the

22 Settlement Fund less distributions for attorneys' fees and costs, claims administration

23 expenses, service payments and PAGA Payment. The Class Monetary Award Fund will

24 be allocated to the Settlement Class as follows: (i) A fixed weekly amount for monetary

25 payments ("Weekly Amount") will be calculated by dividing the Class Monetary Award

26 Fund by the total amount of Workweeks (as defined in Paragraph 2.25) worked by each

27 Settlement Class Member in a Class-Eligible Job (as defined in Paragraph 2.6) during

28 the Settlement Period; (ii) Settlement Class Members will receive an amount equal to the

Weekly Amount multiplied by the number of weeks the Settlement Class Member worked in a Class-Eligible Job during the Settlement Period, less applicable withholdings and deductions.  (Agreement at ¶ 9.4.)  Decl. Nordrehaug at ¶14.

Each Settlement Class Member shall receive a Settlement Payment based on his or her number of Workweeks during the Settlement Period based on the above formula.  (Agreement at ¶ 7.2.)  No affirmative conduct or participation by a Settlement Class Member who meets the Settlement Class definition is required to receive a monetary award.  (Agreement at ¶ 9.4(iv).) No later than sixty (60) days after the Effective Date, the Claims Administrator shall mail the monetary award checks to Settlement Class Members.  (Agreement at ¶ 9.5.)  All checks sent to Settlement Class Members that remain uncashed after 180 days will be paid to the DLSE Unpaid Wage Fund in the name of the Settlement Class Member.  (Agreement at ¶7.8.) Decl. Nordrehaug at ¶15.

Subject to Court approval, the Parties have agreed that Gilardi & Co., LLC will be appointed as Claims Administrator.  (Agreement at ¶ 2.3.)  All administrative fees, costs and expenses incurred by the Claims Administrator in connection with administering the Settlement will be deducted from the Settlement Fund.  (Agreement at ¶ 8.5.)  Decl. Nordrehaug at ¶16.

Class Counsel will apply to the Court for an award of an amount up to one-third (1/3) of the Settlement Fund for reasonable attorneys' fees, and for reimbursement of litigation costs not to exceed $70,000.  (Agreement at ¶ 8.2.)  Named Plaintiffs will also apply approval of Service Payments in an amount not to exceed $10,000 for Jacqueline Nelson and $5,000 for the other Named Plaintiffs.  (Agreement at ¶ 8.8.)  The motion shall be scheduled for determination at the Final Approval Hearing but will be filed and served before the end of the objection period.  Decl. Nordrehaug at ¶17.

## V.   THE SETTLEMENT MEETS ALL CRITERIA NECESSARY FOR PRELIMINARY APPROVAL

When a proposed class-wide settlement is reached, the settlement must be submitted to the court for approval.  Fed. R. Civ. P. 23(e)(1)(A); 2 H. Newberg & A.

Conte, *Newberg on Class Actions* (3d ed. 1992) at §11.41, p.11-87.   Preliminary approval is the first of three steps that comprise the approval procedure for settlements of class actions.  See e.g. *Louie v. Kaiser Found. Health Plan, Inc.*, 2008 U.S. Dist. LEXIS 78314 (S.D. Cal. 2008).  The second step is the dissemination of notice of the settlement to all class members.  The third step is a final settlement approval hearing, at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented and class members may be heard regarding the settlement.  See *Manual for Complex Litigation*, Second §30.44 (1993).

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement is "within the range of possible approval." *Manual for Complex Litigation*, Second §30.44 at 229; *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982); *Louie, supra*, at *7.   Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective Class for their acceptance or rejection." *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).  There is an initial presumption of fairness when a proposed settlement, which was negotiated at arm's length by Class Counsel, is presented for court approval.  *Newberg*, 3d Ed., §11.41, p.11-88.  However, the ultimate question of whether the proposed settlement is fair, reasonable and adequate is made after notice of the settlement is given to the class members and a final settlement hearing is held by the Court.

## A.   The Role Of The Court In Preliminary Approval Of A Class Action Settlement

The approval of a proposed settlement of a class action suit is a matter within the broad discretion of the trial court.  *Staton v. Boeing*, 327 F.3d 938, 959 (9th Cir. 2003). Preliminary approval does not require the trial court to answer the ultimate question of whether a proposed settlement is "fair, reasonable and adequate."  *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991); *Manual for Complex Litigation*, Third, §§

20.212.  That determination is made only after notice of the settlement has been given to the members of the class and after the class members have been given an opportunity to voice their views of the settlement or to be excluded from the settlement class.  See, e.g., 3B J. Moore, *Moore's Federal Practice* §§23.80 - 23.85 (2003).

In considering a potential settlement for preliminary approval purposes, the trial court does not have to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute (*Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974)), and need not engage in a trial on the merits.  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983). The court is not required to determine that certification of a settlement class is appropriate until the final settlement approval.  *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 797 (3d Cir. 1995).

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires a judgment and evaluation by the attorneys for the parties based upon a comparison of "the terms of the compromise with the likely rewards of litigation." *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982), cert. denied 464 U.S. 818 (1983) (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).  Therefore, many courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983); *Weinberger*, 698 F.2d at 74; *Armstrong v. Board of School Directors*, 616 F.2d 305, 325 (7th Cir. 1980); *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985).  For example, in *Lyons v. Marrud, Inc.*, [1972-1973 Transfer Binder] Fed. Sec. L. Rep. (CCH) Paragraph 93,525 (S.D.N.Y. 1972), the court noted that "[e]xperienced and competent counsel have assessed these problems and the probability of success on the merits.  They have concluded that compromise is well-advised and necessary.  The parties' decision regarding the respective merits of their position has an important

1   bearing on this case." *Id.* at ¶ 92,520.

2   **B.      Factors To Be Considered In Granting Preliminary Approval**

3          A number of factors are to be considered in evaluating a settlement for purposes

4   of preliminary approval.  No one factor should be determinative, but rather all factors

5   should be considered.  These criteria have been summarized as follows:

6          "If the proposed settlement appears to be the product of serious, informed,

7   non-collusive negotiations, has no obvious deficiencies, does not improperly grant

8   preferential treatment to class representatives or segments of the class, and falls within

9   the range of possible approval, then the court should direct that the notice be given to the

10  class members of a formal fairness hearing."   *In re Tableware Antitrust Litig.*, 484 F.

11  Supp. 2d 1078, 1079 (N.D. Cal. 2011), citing *Manual of Complex Litigation*, Second

12  §30.44.  Here, the settlement meets all of these criteria.

13  **1.      The Settlement is the Product of Serious, Informed and Noncollusive**

14  **Negotiations**

15         This settlement is the result of extensive and hard fought negotiations.  Defendant

16  denies each and every one of the claims and contentions alleged in this Litigation.

17  Defendant has asserted and continues to assert many defenses thereto, and has expressly

18  denied and continues to deny any wrongdoing or legal liability arising out of the conduct

19  alleged in the Action.   Nonetheless, Defendant has concluded that this Litigation be

20  settled in the manner and upon the terms and conditions set forth in the Agreement in

21  order to avoid the expense, inconvenience, and burden of further legal proceedings, and

22  the uncertainties of trial and appeals.  Defendant has decided to put to rest the alleged

23  claims of the Settlement Class.

24         Settlement negotiations took place between experienced counsel.  Counsel for the

25  Parties, after formal mediation and settlement negotiations conducted over several

26  months, reached an agreement on a mediator's proposal, based upon the experience of

27  counsel and the uncertainties of protracted litigation.   Most importantly, Named

28  Plaintiffs and Class Counsel believe that this settlement is fair, reasonable and adequate.

By reason of the settlement, Defendant agrees to pay the Settlement Fund of One Million Eight Hundred Thousand Dollars ($1,800,000.00) in full settlement of the alleged claims. (Agreement at ¶ 7.1.)

Class Counsel has conducted a thorough investigation into the facts of the class action, including a review of relevant documents and data and a diligent investigation of the Class Members' claims against Avon.  Class Counsel also retained an expert to prepare a damage valuation in advance of mediation.  Based on the foregoing documents and data, and their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Avon for the consideration and on the terms set forth in the Agreement is fair, reasonable, and adequate in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and numerous potential appellate issues.  The parties and their counsel recognize that, in the absence of an approved settlement, they would face a protracted litigation course, including a motion for decertification, motions for summary judgment, and trial and appellate proceedings that would consume time and resources and present each of them with ongoing litigation risks and uncertainties. Decl. Nordrehaug, ¶18.

Named Plaintiffs and Class Counsel recognize the expense and length of continuing to litigate and trying this Litigation against Avon through possible appeals which could take several years.  Class Counsel has also taken into account the uncertain outcome and risk of litigation, especially in complex actions such as this litigation.  Class Counsel is also mindful of and recognize the inherent problems of proof under, and alleged defenses to, the claims asserted in the Litigation.  Based upon their evaluation, Named Plaintiffs and Class Counsel have determined that the settlement set forth in the Agreement is in the best interest of the Class Members.  Decl. Nordrehaug, ¶19.

Here the negotiations have been hard-fought and aggressive with capable advocacy on both sides. Decl. Nordrehaug, ¶19.  Accordingly, "[t]here is likewise every reason to conclude that settlement negotiations were vigorously conducted at arms' length and without any suggestion of undue influence." *In re Wash. Public Power*

1  *Supply System Sec. Litig.*, 720 F. Supp. 1379, 1392 (D. Ariz. 1989).

### 2.     The Settlement Has No "Obvious Deficiencies" and Falls Within the Range for Approval

The proposed Settlement herein has no "obvious deficiencies" and is well within the range of possible approval.   All Settlement Class Members will receive an opportunity to participate in and receive payment according to the same formula.

In advance of negotiations, Class Counsel received class data concerning employment and payroll information, which permitted Class Counsel to make an intelligent evaluation.  Decl. Nordrehaug at ¶20.  For the individuals whose claims are at issue in this Litigation, Named Plaintiffs reviewed the data and used information provided by Defendants to determine the potential damage valuation.   With the assistance of a damage expert, DM&A, Named Plaintiffs calculated the alleged overtime damages they believed they would receive if they prevailed.  Decl. Nordrehaug, ¶20.

The settlement of $1,800,000, before deductions, represents more than 12% to 24% of the alleged overtime damages estimated by the Named Plaintiffs, assuming these amounts could be proven in full at trial.  Decl. Nordrehaug at ¶20.  This settlement amount is fair and reasonable given the significant liability problems.   Specifically, Avon's assertion of the overtime exemption was based on the administrative exemption.  Class Counsel has previously litigated similar claims wherein the District Court granted summary judgment on the basis of the exemption.  See e.g. *Gallardo v. AIG Domestic Claims, Inc.*, 629 Fed. Appx. 783 (9th Cir. 2015); *Bucklin v. Am. Zurich Ins. Co.*, 2103 U.S. Dist. Lexis 86342 (C.D. Cal. 2013), affirmed by 619 Fed. Appx. 574 (9th Cir. 2015).  Therefore, because the alternative to this Settlement could likely be the Class receiving nothing, Class Counsel accepted the mediator's proposal as fair and reasonable.  Clearly the goal of this litigation to obtain redress for the Class has been met.  Decl. Blumenthal, ¶20.

In *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. January 27, 2007) the federal district court for the Northern District of California recently approved

1   a settlement of an action claiming unpaid overtime wages where the settlement amount
2   constituted approximately 25% of the estimated overtime damages the class. In
3   *Stovall-Gusman v. W.W. Granger, Inc.*, 2015 U.S. Dist. LEXIS 78671, at *12 (N.D. Cal.
4   2015), the District Court granted final approval where "the proposed Total Settlement
5   Amount represents approximately 10% of what class might have been awarded had they
6   succeeded at trial."  In *Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.)*, 213 F.3d
7   454, 459 (9th Cir. 2000), the Court of Appeals affirmed the approval of a class
8   settlement which represented "roughly one-sixth of the potential recovery".  Here the
9   settlement consideration similarly constitutes a reasonable percentage of the estimated
10  actual overtime damages for the Class.

11      Where both sides face significant uncertainty, the attendant risks favor settlement.
12  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Here, a number of
13  defenses asserted by Defendants presented serious threats to the claims of Named
14  Plaintiffs and the other Class Members.  Defendant contends that Defendant's
15  employment practices complied with all applicable Labor laws.

16      For example, Defendants contended that Class Members were barred from
17  recovery by the "administrative exemption".  For this exemption, Defendant argued that
18  Class Members were primarily engaged in exempt duties which required the exercise of
19  discretion and independent judgment.  Defendants contended that Class Members'
20  primary duty was work directly related to the management or general business operations
21  of Avon.  Federal decisions further support the claimed exemption.  See *Hogan v.
22  Allstate Ins. Co.*, 361 F.3d 621, 626-28 (11th Cir. 2004) (employees administratively
23  exempt who serviced and advised existing customers, adapted customer's policies to
24  their needs, promoted sales, and hired and trained staff, among other duties); *Reich v.
25  John Alden Life Ins. Co.*, 126 F.3d 1, 8-14 (1st Cir. 1997) (administrative exemption
26  applied to insurance marketing representatives who represented company to third party
27  agents, promoted sales, and kept informed about market to help match products with
28  customer needs).  There were also inherent problems with proof of damages, as Avon

argued there were no time records demonstrating overtime hours as Class members primarily worked during normal business hours. Further, the Named Plaintiffs recognize that the requirements of the administrative exemption under California law are much more stringent than under federal law or any other state's laws. If successful, Defendant's defenses could eliminate or substantially reduce any recovery to the Class. While Named Plaintiffs believe that these defenses could be overcome, Defendants maintain these defenses have merit and therefore present a serious risk to recovery by the Class. Decl. Blumenthal at ¶21.

Moreover, there was also a significant risk that, if the Action was not settled, Named Plaintiffs would be unable to maintain class certification through trial thereby not recover on behalf of any employees other than themselves. At the time of the mediation, Defendant forcefully opposed the propriety of class certification, arguing that individual issues precluded class certification, and intended to move for decertification. While other cases have approved class certification in wage and hour claims, class certification in this action would have been hotly disputed and was by no means a foregone conclusion. Decl. Blumenthal at ¶22.

After vigorous negotiations, the Parties agreed to the Settlement of $1,800,000. Recognizing the potential risks, both sides agreed. As the federal court recently held in *Glass*, where the parties faced uncertainties similar to those here:

> In light of the above-referenced uncertainty in the law, the risk, expense, complexity, and likely duration of further litigation likewise favors the settlement. Regardless of how this Court might have ruled on the merits of the legal issues, the losing party likely would have appealed, and the parties would have faced the expense and uncertainty of litigating an appeal. "The expense and possible duration of the litigation should be considered in evaluating the reasonableness of [a] settlement." See *In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 458 (9th Cir. 2000).

Here, the risk of further litigation is substantial.

### 3. The Settlement Does Not Improperly Grant Preferential Treatment To The Class Representative or Segments Of The Class

The relief provided in the settlement will benefit all Settlement Class Members

equally.  The settlement does not improperly grant preferential treatment to the Class Representative or any individual segments of the Class.  Each Settlement Class Member, including the Plaintiff, will be entitled to cash payment based on the plan of allocation.  Decl. Nordrehaug at ¶4.  Each Settlement Class Member's Payment will be determined as follows:

(i)  A fixed weekly amount for monetary payments ("Weekly Amount") will be calculated by dividing the Class Monetary Award Fund by the total amount of Workweeks (as defined in Paragraph 2.25) worked by each Class Representative and Settlement Class Member in a Class-Eligible Job (as defined in Paragraph 2.6) during the Settlement Period.  (ii) A Class Representative or Settlement Class Member will receive an amount equal to the Weekly Amount multiplied by the number of weeks the Settlement Class Member worked in a Class-Eligible Job during the Settlement Period, less applicable withholdings and deductions.  (Agreement at ¶ 9.4.)  No affirmative conduct or participation by a Settlement Class Member who meets the Settlement Class definition is required to receive a monetary award.  (Agreement at ¶ 9.4.)  Decl. Nordrehaug at ¶14.

In addition, the Named Plaintiffs will apply to the trial court for a service award of $10,000 for Jacqueline Nelson and $5,000 for the other Named Plaintiffs.  (Agreement at ¶ 8.8.)  In *Glass*, the District Court awarded each of the class representatives in an overtime wages class action a service award of $25,000.  *Glass*, 2007 U.S. Dist. LEXIS 8476 at *51-52.  The payment of service award in this amount to the named plaintiff in a wage and hour class action is approved by settled authority, and the requested service award in the amounts of $10,000 and $5,000 are reasonable in this case in light of the amount approved in *Glass* and other decisions.

### 4.   The Stage Of The Proceedings Is Sufficiently Advanced To Permit Preliminary Approval Of The Settlement

The stage of the proceedings at which this settlement was reached also militates in favor of preliminary approval and ultimately, final approval of the settlement.  Class

1   Counsel has conducted a thorough investigation into the facts of the class action.  Class

2   Counsel began investigating the Class Members' claims before this action was filed.

3   Class Counsel propounded discovery, took depositions and interviewed Class Members.

4   In advance of mediation, Defendant provided the information necessary for Class

5   Counsel to intelligently negotiate a settlement.  Decl. Nordrehaug at ¶23.

6        Class Counsel obtained production of employment and payroll records.  Class

7   Counsel engaged in an extensive review and analysis of the relevant documents and data.

8   Class Counsel also examined the applicable law governing these claims and the

9   exemption defense.  Accordingly, the agreement to settle did not occur until Class

10  Counsel possessed sufficient information to make an informed judgment regarding the

11  likelihood of success on the merits and the results that could be obtained through further

12  litigation.  Decl. Nordrehaug at ¶23.

13       Based on the foregoing information and data and their own independent

14  investigation and evaluation, Class Counsel is of the opinion that the settlement with

15  Defendant for the consideration and on the terms set forth in the Agreement is fair,

16  reasonable, and adequate and is in the best interest of the class in light of all known facts

17  and circumstances, including the risk of significant delay, defenses asserted by

18  Defendant, and numerous potential appellate issues.  There can be no doubt that Counsel

19  for both parties possessed sufficient information to make an informed judgment

20  regarding the likelihood of success on the merits and the results that could be obtained

21  through further litigation.  Decl. Nordrehaug at ¶24.

22       In *Glass*, the Northern District of California recently granted final approval of an

23  overtime and meal wage action although in <u>Glass</u> no formal discovery had been

24  conducted prior to the settlement:

25       Here, no formal discovery took place prior to settlement. As the Ninth
         Circuit has observed, however, "[i]n the context of class action settlements,
26       'formal discovery is not a necessary ticket to the bargaining table' where the
         parties have sufficient information to make an informed decision about
27       settlement." See <u>In re Mego Financial Corp. Securities Litigation</u>, 213 F.3d
         at 459.

28

1   2007 U.S. Dist. LEXIS 8476 at *14.

2       Here, Class Counsel was in a better position to evaluate the fairness of this

3   settlement as in *Glass* because they achieved class certification, conducted formal and

4   informal discovery, as well as independent investigations, interviews and due diligence

5   to confirm the accuracy of the information supplied by Avon.

6

7   **VI.   THE   CLASS   IS   PROPERLY   CERTIFIED   FOR   SETTLEMENT
         PURPOSES**

8
       This Court previously certified the class of District Sales Managers finding that
9
    the Class satisfied the requirements of F.R.C.P. §23.  This is the same class that is the
10
    Settlement Class in the Agreement.  As a result, the Court need not recertify the class.
11
    See *Clayton v. Knight Transp.*, 2013 WL 5877213, 2013 U.S. Dist. LEXIS 156647, at
12
    *10 (E.D. Cal. 2013).  Decl. Nordrehaug, ¶25.
13

14
    **VII.   THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE**
15
       The Parties have agreed upon procedures by which the Settlement Class will be
16
    provided with written notice of the Settlement similar to that approved and utilized in
17
    hundreds of class action settlements.  The Parties have jointly drafted a Class Notice,
18
    attached to the Agreement as <u>Exhibit A</u> and is hereby submitted for approval.
19
       The Notice, drafted jointly and agreed upon by the Parties through their respective
20
    counsel,  includes information regarding the nature of the Litigation; a summary of the
21
    substance of the Settlement, including Defendant's denial of liability; the definition of
22
    the Class; the procedure and time period for objecting to the Settlement, exclusion from
23
    the Settlement and participating in the Settlement; a statement that the District Court has
24
    preliminarily approved the Settlement; and information regarding the calculation of
25
    settlement shares.  See <u>Exhibit A</u> to the Stipulation.
26
       The Notice explains that Class Members who wish to participate in the settlement
27
    do not need to do anything, and a check will be mailed to them automatically after final
28

1   approval.  The Notice shall also provide that any Class Member may choose to opt out
2   of the Class, and that any such person who chooses to opt out of the Class will not be
3   entitled to any recovery obtained by way of the settlement and will not be bound by the
4   settlement or have any right to object, appeal or comment thereon.  Decl. Nordrehaug at
5   ¶27.

6        The Notice will provide that all objections to the Settlement by anyone, including
7   members of the Settlement Class, must be filed in the District Court and served upon all
8   counsel of record by no later than forty-five (45) days from the mailing of the Notice.
9   All objections must state with particularity the basis on which they are asserted.   In
10   accordance with *Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*, 618
11   F.3d 988 (9th Cir 2010), the application for attorneys' fees and costs will be filed before
12   the end of the objection period and posted on a website as indicated in the Notice.  Thus,
13   all Class Members will have ample opportunity to review and comment on the attorneys'
14   fees and costs before the objection deadline.  The attorneys' fees and costs will be heard
15   in conjunction with the motion for final approval on the Final Approval Hearing date.
16   Decl. Nordrehaug at ¶27.

17        The notice also informs members of the Settlement Class about the release.
18   Specifically, the notice explains that unless they exclude themselves, upon final approval
19   they will release all of the Released Claims.  This notice program was designed to
20   meaningfully reach the largest possible number of potential Settlement Class Members.
21   The mailing and distribution of the Notice satisfies the requirements of due process, and
22   is the best notice practicable under the circumstances and constitutes due and sufficient
23   notice to all persons entitled thereto.  Decl. Nordrehaug at ¶28.

24        This notice satisfies the content requirements for notice following the exemplar
25   class notice in the *Manual for Complex Litigation*, Second §41.43.  This notice also
26   fulfills the requirement that Class notices be neutral. *Newberg*, at §8.39.

27

28

## VIII.    CONCLUSION

Counsel for the Parties have committed substantial amounts of time, energy, and resources litigating and ultimately settling this case.  In the judgment of Named Plaintiffs and Class Counsel, the proposed settlement is a fair and reasonable compromise of the issues in dispute in light of the strengths and weaknesses of each party's case.  After weighing the certain and immediate benefits of these settlements against the uncertainty of trial, and appeal, Named Plaintiffs believe the proposed settlement is fair, reasonable and adequate, and warrants this Court's preliminary approval.  Accordingly, Named Plaintiffs respectfully request that the Court preliminarily approve the proposed settlement and enter the proposed Preliminary Approval Order submitted herewith.

Dated: August 18, 2016            BLUMENTHAL, NORDREHAUG & BHOWMIK

By:___*/s/ Norman B. Blumenthal*_____
        Norman B. Blumenthal
        Kyle R. Nordrehaug
        Attorneys for Plaintiffs

K:\D\Dropbox\Pending Litigation\Avon -Nelson\Preliminary Approval\p- motion for prelim app - FINAL.wpd