UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE CAVALIER NELSON,<br><br>   Plaintiff,<br><br>  v.<br><br>AVON PRODUCTS, INC., et al.,<br><br>   Defendants. | Case No. 13-cv-02276-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**<br><br>[Re: ECF 105, 109] |

  Alleging that Avon Products, Inc. ("Avon") misclassified them as exempt from overtime wages, Plaintiffs, former District Sales Managers ("DSM") of Avon, brought this suit. The parties now jointly appear before the Court in support of final approval of their class action settlement.

  Two motions are pending in this certified class action for (1) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* and (2) violations of the California Labor Code. *See generally* Second Am. Compl. ("SAC"), ECF 36. First, Plaintiffs move for an order granting final approval to the parties' settlement agreement. Mot. for Final Approval of Class Settlement ("Final Approval Mot."), ECF 109. Second, Plaintiffs move for an award of attorneys' fees, litigation costs, and a service award to the lead plaintiff and other named class representatives.[1] Mot. for Award of Att'y Fees, Costs, & Service Awards ("Mot. for Att'y Fees"), ECF 105. The Court held a final fairness hearing on February 23, 2017. For the reasons set forth below, the Court GRANTS the motion for final approval and GRANTS the motion for attorneys'

---

[1] The lead plaintiff is Jacqueline Nelson. The other named class representatives are Alonso Espinoza, Gretchen Nielson, Juana Lopez, Melvin Bacon, Shannon Campbell, Alexi Bilitch, Mary Bandini, Antoinette Arellano, Aimee Becerra, Stacy Branson, Armando Colon, Diana Flores, Samille Hernandez, Stefanie Johansen, Louella Mauban, Jeddy Reed, Suzanne Quedado, and Michelle Thiebold.

fees, costs, and service award.

## I. BACKGROUND

### A. The Parties and Claims

Plaintiffs, former DSMs at Avon, bring this class action alleging that Avon misclassified them as exempt from overtime wages. Plaintiffs bring their claims on behalf of "all individuals who worked for Avon as a full or part-time, active California District Sales Manager for at least one day during the period from April 8, 2009 to March 31, 2016." Final Approval Mot. 4.

Lead Plaintiff Jacqueline Cavalier Nelson filed suit against Avon in state court on April 8, 2013. *Id.* 1. Avon subsequently removed the action to this Court. *See* Notice of Removal, ECF 1. Nelson alleges that she and other DSMs in California were entitled to overtime pay under California labor laws. Nelson filed a First Amended Complaint on September 11, 2013, and the SAC on January 7, 2014. *See* ECF 22, 36. The Second Amended Complaint added 18 named plaintiffs.

On April 17, 2015, the Court certified a class action pursuant to Federal Rule of Civil Procedure 23; appointed Blumenthal, Nordrehaug & Bhowmik as class counsel; and approved the designation of named Plaintiffs as representatives of the class. *See generally* Order Granting Pls.' Mot. for Class Cert., ECF 70. On November 4, 2015, the Court granted the parties' joint stipulation regarding the class notice. ECF 84. The parties were able to reach a preliminary settlement before the action proceeded further. The Court granted preliminary approval to the parties' proposed settlement agreement on September 22, 2016. Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") ¶ 7, ECF 101.

Plaintiffs have now filed a motion for final approval of the class action settlement and a motion for attorneys' fees, costs, and service award. ECF 105, 109. The Court held a fairness hearing on February 23, 2017.

### B. Terms of the Agreement

Under the terms of the preliminarily approved settlement agreement, Avon has agreed to pay $1,800,000 (the "Settlement Fund") in consideration for the settlement and the release of all claims. Pursuant to paragraph 9 of the Agreement, the class monetary award fund is the

1  Settlement Fund less distributions for attorneys' fees and costs, claims administration expenses,
2  service payments, and the $10,000 California Labor Code Private Attorney General Act
3  ("PAGA") payment. Ex. 2 to Blumenthal Decl. ISO Final Approval Mot. ¶ 9 ("Blumenthal Decl.
4  I"), ECF 110 (hereinafter "Agreement"). The class monetary award fund will be allocated to
5  Class Members as follows: (1) a fixed amount for monetary payments ("Weekly Amount") will
6  be calculated by dividing the class monetary award fund by the total amount of workweeks—as
7  defined in paragraph 2.25 of the Agreement—worked by each Class Member in a Class-Eligible
8  Job—as defined in paragraph 2.6 of the Agreement—during the Settlement Period; (2) Class
9  Members will receive an amount equal to the Weekly Amount multiplied by the number of weeks
10 the Class Member worked in a Class-Eligible Job during the Settlement Period, less applicable
11 withholdings and deductions. *See* Agreement ¶¶ 7.2, 9.4; Blumenthal Decl. I ¶ 3(b). No
12 affirmative conduct or participation by a Class Member who meets the Class Definition is required
13 to receive a monetary award. Agreement ¶ 9.4(iv).

14 The claims administrator, Gilardi & Co., LLC, will mail the monetary award checks to all
15 Class Members no more than 60 days after the effective date of this settlement. *Id.* ¶ 9.5. Any
16 checks that remain uncashed after 180 days will be paid to the DLSE Unpaid Wage Fund in the
17 name of the Class Member. *Id.* ¶ 7.8; Blumenthal Decl. I ¶ 3(c). All administrative fees, costs,
18 and expenses incurred by the claims administrator in connection with administering this
19 Agreement will be deducted from the Settlement Fund. Agreement ¶ 8.5; Blumenthal Decl. I ¶
20 3(d).

## II. FINAL APPROVAL OF SETTLEMENT AGREEMENT

In line with its previous order granting preliminary approval, the Court now concludes that the proposed settlement is fair, adequate, and reasonable.

### A. Legal Standard

"The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). In addition, Rule 23(e) "requires the district court to determine whether a proposed settlement is

3

1  fundamentally fair, adequate, and reasonable." *Id.* at 1026.  In order to assess a settlement

2  proposal, the district court must balance a number of factors:

>   (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

7  *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

### B.  Adequacy of Notice

"The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted).  The Court has previously approved the parties' proposed notice procedures for the class.  Preliminary Approval Order ¶ 7.  In the motion for final approval, Plaintiffs state that the parties have carried out this notice plan.  Final Approval Mot. 2; Blumenthal Decl. I ¶ 6(c).  The claims administrator mailed notice of the settlement to all individuals who currently work or previously worked for Avon as a California DSM at any time since April 8, 2009.  Final Approval Mot. 2; Blumenthal Decl. I ¶¶ 6(c), 7(d).  The notice enclosed a request for exclusion form for individuals to submit to be excluded from the civil action.  Blumenthal Decl. I ¶ 6(c).

After the parties concluded settlement negotiations in August 2016, the claims administrator mailed the notice form to 289 current and former employees who comprise the class. Blumenthal Decl. I ¶ 7(d).  The notice informed Class Members about all key aspects of the settlement, the date, time, and place of the fairness hearing, and the process for objection and opt-out.  *Id.*

In light of these actions and the Court's prior order granting preliminary approval, the Court finds the parties have sufficiently provided notice to the settlement Class Members.  *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding that notice must "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *Lundell v. Dell, Inc.*, No. C05-3970, 2006 WL 3507938, at *1 (N.D. Cal. Dec.

4

5, 2006) (holding that notice sent via email and first class mail constituted the "best practicable notice" and satisfied due process requirements).

### C. Fairness, Adequacy and Reasonableness

#### i. Strength of Plaintiffs' Case and Risk of Continuing Litigation

Approval of a class settlement is appropriate when "there are significant barriers plaintiffs must overcome in making their case." *Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Similarly, difficulties and risks in litigating weigh in favor of approving a class settlement. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

Here, Plaintiffs acknowledge that although the class was certified, Avon's defenses present serious threats to the viability of their claims. Final Approval Mot. 17; Blumenthal Decl. I ¶ 8(a). For example, prior to reaching settlement, Avon contended that Class Members were barred from recovery by the "administrative exception." Final Approval Mot. 17. Defendants argued that Class Members were primarily engaged in exempt duties that required the exercise of discretion and independent judgment, and accordingly, the Class Members were exempt from overtime pay. *Id.* At least two circuit courts have ruled in favor of defendants on this defense in cases with facts similar to those presently before the Court. *See, e.g.*, *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 626–28 (11th Cir. 2004) (concluding that Allstate's insurance agents were administrative employees where they promoted sales, advised customers, adapted policies to customer's needs, decided on advertising budget and techniques, hired and trained staff, determined staff's pay, and delegated routine matters and sales to staff); *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1 (1st Cir. 1997) (finding that administrative exception applied to insurance marketing representatives who represented the company to third-party agents, promoted sales, and kept informed about the market to help match products with customer needs).

Moreover, Plaintiffs concede that there were "inherent problems with proof of damages, as Avon argued there were no time records demonstrating overtime hours as Class Members primarily worked during normal business hours." Final Approval Mot. 17. Plaintiffs also recognize that there was a significant risk that the action would be decertified if it were not settled, or, at the least, class certification would have been hotly disputed. *Id.* at 17–18. Finally, Plaintiffs

acknowledge the impact a delay on any damage award could have on Class Members. *Id.* at 18. The Court finds that these factors weigh in favor of settlement.

### ii. Settlement Amount

"In assessing the consideration obtained by the class members in a class action settlement, 'it is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness.'" *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) (quoting *Officers for Justice*, 688 F.2d at 628). "In this regard, it is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Id.* (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).

The Agreement in this case represents a substantial benefit for the Class. Before deductions, the Settlement Fund represents more than 12 to 24 percent of the alleged overtime damages the named Plaintiffs believed they would receive if they prevailed on all of their claims. Final Approval Mot. 7. The Ninth Circuit and several courts in this district have approved similar settlements. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming district court's approval of class settlement representing one-sixth of the potential recovery); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-cv-2540, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (approving settlement where net amount represented 7.3 percent of plaintiffs' estimated trial award); *Balderas v. Massage Envy Franchising, LLC*, No. 12–cv–06327, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014) (granting preliminary approval of a net settlement amount representing 5% of the projected maximum recovery at trial). Under these circumstances, this factor weighs in favor of approval.

### iii. Extent of Discovery

"In the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement." *In re Mego Fin. Corp.*, 213 F.3d at 459 (citation omitted).

Here, Plaintiffs have conducted a thorough investigation into the facts of the class action. Class Counsel began investigating the Class Members' claims before the action was filed.

6

1  Blumenthal Decl. I ¶ 6(d). Final Approval Mot. 12. Class Counsel also obtained Avon's payroll
2  information for a portion of the Class, and other relevant issues. *Id.* Moreover, Class Counsel
3  engaged in an extensive review of the relevant documents and data. *Id.* These actions put Class
4  Counsel in a strong position to evaluate their case and conclude that settlement was the best way
5  forward. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2007) (finding
6  the parties were sufficiently informed about the case prior to settling because they engaged in
7  discovery, took depositions, briefed motions, and participated in mediation). This factor therefore
8  weighs in favor of approval.

### iv. Counsel's Experience

Plaintiffs' counsel has recommended approval of the settlement. Final Approval Mot. 15. "The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Omnivision*, 559 F. Supp. 2d at 1043 (citation omitted); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each parties' expected outcome in litigation."). Here, Class Counsel has substantial experience litigating similar wage and hour cases against other employers. Blumenthal Decl. I ¶ 2; Ex. 1 to Blumenthal Decl. I. In light of Class Counsel's considerable experience and their belief that the settlement provides more than adequate benefits to Class Members, this factor weighs in favor of approval.

### v. Presence of a Governmental Participant

Because there is no governmental entity involved in this litigation, this factor is inapplicable.

### vi. Reaction of the Class

There are 289 Class Members. Final Approval Mot. 16. The deadline for Class Members to submit objections to the settlement or the fees and expenses motion or to request exclusion from the Settlement Class was on or about January 4, 2017. Preliminary Approval Order ¶ 8. No Class Member has filed an objection to the settlement or requested exclusion from the Settlement Class.[2]

---

[2] Seven individuals opted out of the civil action, but none of the class members opted out of the Settlement Class. Blumenthal Decl. I ¶ 6(c).

Final Approval Mot. 16. Accordingly, this factor strongly favors final approval. *Cf. In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1006 (N.D. Cal. 2015) (approving class action settlement with claim rate of approximately 25–30%); *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823, 2013 WL 4610764, at *8 (N.D. Cal. Aug. 28, 2013) (approving class action settlement with 3% claim rate); *see also Churchill Vill.*, 361 F.3d at 577 (finding no abuse of discretion where district court, among other things, reviewed list of 500 opt-outs in a class of 90,000 Class Members); *Cruz v. Sky Chefs, Inc.*, 2014 WL 7247065, at *5 (N.D. Cal. Dec. 19, 2014) ("A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it."); *Chun-Hoon*, 716 F. Supp. 2d at 852 (granting final approval of settlement where 16 out of 329 class members (4.86%) requested exclusion).

## III. ATTORNEYS' FEES AND COSTS

### A. Legal Standard

#### i. Attorneys' Fees

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). "Where a settlement produces a common fund for the benefit of the entire class," as here, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to determine the reasonableness of attorneys' fees. *Id.* at 942. "Because the benefit to the class is easily quantified in common-fund settlements," the Ninth Circuit permits district courts "to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *Id.* "Applying this calculation method, courts [in the Ninth Circuit] typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Id.* (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). However, the benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors."

*Six (6) Mexican Workers*, 904 F.2d at 1311. "[W]here awarding 25% of a 'megafund' would yield windfall profits for class counsel in light of the hours spent on the case, courts should adjust the benchmark percentage or employ the lodestar method instead." *In re Bluetooth*, 654 F.3d at 942.

        **ii.**    **Costs**

An attorney is also entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotations and citation omitted). To support an expense award, Plaintiffs should file an itemized list of their expenses by category, listing the total amount advanced for each category, listing the total amount advanced for each category, allowing the Court to assess whether the expenses are reasonable. *Wren v. RGIS Inventory Specialists*, No. 06-cv-5778, 2011 WL 1230826, at *30 (N.D. Cal. Apr. 1, 2011), supplemented, No. 06-cv-5778, 2011 WL 1838562 (N.D. Cal. May 13, 2011).

    **B.**    **Analysis**

        **i.**    **Attorneys' Fees**

Class Counsel moves the Court for $600,000 in attorneys' fees, representing one-third of the Settlement Fund. Mot. for Att'y Fees 1. Class Counsel argues that this award is reasonable because counsel expended more than 821 hours on this litigation over the past 45 months working on behalf of the class, which, at the current hourly billing rates, amounts to a lodestar value of $459,037. Nordrehaug Decl. ISO Mot. Att'y Fees ("Nordrehaug Decl.") ¶ 2, ECF 114. Thus, the fee Avon has agreed to pay includes an effective multiplier of 1.3. *Id.* Class Counsel also argues that in light of the contingency risk they undertook and the positive results they achieved, the amount of attorneys' fees expenses is reasonable. *Id.* (citing *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) (courts "must" apply a risk enhancement); *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016) (abuse of discretion not to apply a risk multiplier)).

After careful review of Class Counsel's declarations and filings, the Court concludes that awarding $600,000 in attorneys' fees is reasonable in light of the hours expended litigating the case and the modest multiplier. The award is within the range of fees awarded in comparable cases. *See, e.g.*, *Stuart v. RadioShack Corp.*, No. C-07-4499, 2010 WL 3155645, at * (N.D. Cal.

9

Aug. 9, 2010) (finding award of $1.5 million, which represented one-third of the total settlement amount, reasonable given that the litigation had been ongoing for more than three years); *Knight v. Red Door Salons, Inc.*, No. 08-1520, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) (approving award of 30 percent of the Settlement Fund); *Romero v. Prods. Dairy Foods, Inc.*, No. 05-0484, 2007 WL 3492841, at*4 (E.D. Cal. Nov. 14, 2007) (approving attorneys' fee award that was 33 percent of the settlement fund in a wage-and-hour case involving allegations of unpaid wages and missed meal and rest breaks).

The Court has also crosschecked this award against the lodestar recovery. Class Counsel calculated the anticipated lodestar as $459,037, which, as previously stated, would result in a multiplier of approximately 1.3. *See* Nordrehaug Decl. ¶ 2; Blumenthal Decl. ISO Mot. Att'y Fees ("Blumenthal Decl. II") ¶ 8, ECF 105-1; Ex. 3 to Blumenthal Decl. II, ECF 105-1. This multiplier is reasonable in light of the contingent nature of the fee award and the risk of litigation. Mot. Att'y Fees 14; Blumenthal Decl. II ¶ 6(d)–(i); *see also Stanger*, 812 F.3d at 741; *Stetson*, 821 F.3d at 1166; *In re Omnivision*, 559 F. Supp. 2d at 1048 (noting that courts have approved multipliers raging between 1 and 4); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (noting that the majority of class action settlements approved had fee multipliers that ranged between 1.5 and 3). Additionally, the number of hours expended falls well below the range of hours previously found by courts to be reasonable in cases with a shorter duration than the 45 months here. *See, e.g.*, *Sadowska v. Volkswagen Grp. of Am.*, No. CV 11-665, 2013 WL 9600948, at *9 (C.D. Cal. Sept. 25, 2013) (approving attorneys' fees based on 3,115 hours over 23 months of litigation).

Accordingly, Class Counsel's motion for $600,000 in attorneys' fees is GRANTED.

### ii. Costs

Plaintiffs are also seeking reimbursement of $70,000 in costs, which is less than the actual documented litigation expenses of $71,745.43 incurred by Class Counsel. Mot. Att'y Fees 2; Blumenthal Decl. II ¶ 9. Most of the expenses resulted from expert witness fees, mediation fees, class notice expenses, and deposition expenses. Blumenthal Decl. II ¶ 9; Ex. 3 to Blumenthal Decl. II. Upon review, the expenses are reasonable. Accordingly, Class Counsel's motion for

$70,000 in costs is GRANTED.

## IV. SERVICE AWARD

### A. Legal Standard

Service awards "are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (internal citation omitted). Courts evaluate service awards individually, "using relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, the amount of time and effort the plaintiff expended in pursuing the litigation and reasonable fears of workplace retaliation." *Staton v. Boeing, Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (citation and internal quotations and alterations omitted). Indeed, "courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Sols., Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013).

### B. Analysis

Plaintiffs request a service award of $10,000 for lead Plaintiff Jacqueline Nelson and $5,000 for the other named plaintiffs. Mot. Att'y Fees 19. Plaintiffs believe this award is reasonable in light of the contributions that Plaintiffs have made on behalf of the class. *Id.* Counsel contends that these class representatives provided valuable information and documentation from their employment, which was instrumental in Class Counsel's understanding of the case. *Id.* No one has objected to the proposed service awards.

To determine the reasonableness of a service award, courts consider the proportionality between the service award and the range of class members' settlement awards. *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014). In this Circuit, an award of $5,000 is presumptively reasonable. *See Harris v. Vector Marketing Corp.*, No. C-08-5198, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012) (collecting cases). Thus, in light of the named plaintiffs' service to the class, the Court finds that a service award of $5,000 each is reasonable.

Courts in this Circuit routinely grant requests for an award over $5,000 where the

particular circumstances warrant such an award.  *See, e.g.*, *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) (awarding $10,000 where lead plaintiff was deposed, participated in a four-day mediation, and spent more than 200 hours assisting in the case).  Here, Ms. Nelson appeared for an all-day deposition, searched for documentation relating to the class action, reviewed documents and settlement papers, attended the mediation and subsequent negotiations, and aided Class Counsel with negotiation efforts.  Nelson Decl. ISO Final Approval Mot. ¶¶ 5–10, ECF 111.  The Court acknowledges that Ms. Nelson invested significant time and energy and suffered some risk to her professional reputation by participating in this action as lead plaintiff.  Based on these considerations, the Court finds that a service award of $10,000 is appropriate to compensate Ms. Nelson for the time and effort she spent in connection with this litigation and the risks she took on behalf of her fellow class members.

## V. ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Court GRANTS final approval of the parties' proposed settlement, which is fair, adequate, and reasonable.

2. The Court approves a service award of $10,000 to Lead Plaintiff Jacqueline Nelson and $5,000 to each of the other named plaintiffs.

3. The Court approves an award to Class Counsel of $600,000 in attorneys' fees and $70,000 in expenses.

Dated: February 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge